STATE on the relation of THEODORE KLUTTS *v.* M. S. McKENZIE and others.

If a suit which involves the taking an account, be referred, it is the duty of the referees to state distinctly in their report their conclusions both as to matters of fact and matters of law, so that the Judge may review their findings both as to the facts and the law, and that the Supreme Court may, in case of an appeal, review his decision upon questions of law.

In a case involving the settlement of a complicated account, the C. C. P. (see sections 245 and 246) requires that it be referred to referees to state an account, and objections to their report must be made by way of exceptions to it, and neither party has the right to require the facts to be passed upon by a jury.

This was a civil action upon a guardian bond brought in the Superior Court of ROWAN County, which was upon the motion of the plaintiff's attorneys referred to T. G. Haughton and D. H. Davis for an account and report. The referees having acted and returned a report to the Fall Term, 1870, of the Court, each party filed exceptions to it, which it is unnecessary to state. The referees, in their report, set out all the evidence, but did not find the facts upon which their conclusions were based. The exceptions were argued by counsel on both sides, when his Honor, *Judge Henry,* without finding the facts distinctly, but referring to portions only of the evidence, gave a judgment for the relators of the plaintiff, from which the defendants appealed.

*Boyden & Bailey* and *Bragg & Strong,* for the defendants.
*Blackmer & McCorkle* and *Battle & Sons* for the plaintiff.

PEARSON, C. J. We feel satisfied, from the manner in which this case is now brought up, that it cannot go off upon its merits.

The referees set out the evidence, but do not find the facts, and it is impossible to see the principles of law on

which they base their conclusions ; seemingly, the results arrived at, is upon the idea of making a fair compromise.

His Honor does not find the facts distinctly, but leaves them to be inferred by reference to portions of the evidence, and the difference in the result, is so material, to-wit: near $10,000, as to cause this Court to hesitate, and decline to grope its way in the dark, for fear a decision upon the matter as now presented will not meet the merits of the case. Indeed it is impossible for us to come to any satisfactory conclusion in regard to it. The report of the referees will be set aside and the cause be remanded—to the end, that the referees may distinctly set out their conclusions, both as to the facts and the law—and that his Honor may review their finding in regard both to facts and law, and that this Court may review his conclusion in matters of law.

It was suggested on the argument that the parties would be entitled to have the facts passed on by a jury. We do not concur in that view. In a case involving complicated accounts, the mode of trial under the C. C. P., is by reference, and the proceeding is in analogy to a reference to the Clerk and Master in the old mode of Equity procedure, and his report is to be finally disposed of on exceptions. Otherwise, we shall let in all of the inconveniences that attended the old action of account, which caused it to be disused and its place to be taken by a bill in equity for an account, for, in that action, whenever an issue of fact was joined, the Auditor was obliged to return the case to Court, to have the issue passed on by a jury, and whenever there was an issue of law, he had to stop and take the opinion of the Judge, thus cause such delay and impediments to the administration of justice, as to induce the Chancellor to take jurisdiction in his Court of Equity, of matters of account, not because there was any peculiar equity involved, but on the express ground that the mode of trial in the Courts was defective and the merits of the case could not be reached by a jury trial. The C. C. P.

does not intend to revive this antiquated and impracticable mode of trial in regard to matters of complicated accounts. The mode adopted is by a reference to a referee, who gives his judgment on both facts and law, and then by the judgment of this Court on the questions of law.

This opinion will be certified and the cause be remanded without costs.

PER CURIAM.              Case remanded.