STATE on the relation of E. S. P. LIPPARD *v.* JAMES C. ROSE-MAN, Adm'r., &c., and others.

The Act of 1866–'67, chap. 59, sec. 2, is repealed by the Act of 1868–'69 and by chap. 121, Bat. Rev., so that a jury trial upon certain issues cannot under the provisions of that Act be now demanded.

Parties are entitled to a jury trial, in all cases when they have not waived their right to demand it, as they have in a reference by consent.

(*Armfield* v. *Brown, supra,* cited and approved.)

CIVIL ACTION, (suit on an administrator's bond,) heard before *Cannon, J,* at the Fall Term, 1873, of the Superior Court of Rowan County.

At Fall Term, 1869, the action was referred to James E. Kerr, who returned his report at Spring Term, 1873, at which term exceptions were filed to the report by both plaintiff and defendant. Before the report of the referee was filed, the counsel for the defendants served a notice on the plaintiff's counsel, that they would move the Court, pursuant to the act of the General Assembly, of the session of 1866-'67, chap. 59, sec. 2, to submit the question of diligence or negligence of greater or less degree, which had arisen in the cause, to a jury; and at Fall Term, 1873, the defendant's counsel did move his Honor, to make up and submit such issue to a jury, which motion the Court refused, on the ground that it was made too late.

From this ruling of his Honor, defendants appealed to this Court.

*Bailey* and *Fowle,* for appellants.
*Craige & Craige, McCorkle* and *Jones & Jones,* contra.

BYNUM, J. The facts of this case do not materially differ from those stated in the opinion of the Court in the preceding case of *Armfield* v. *Brown.*

As we there held that ch. 59, sec. 2, of the acts of 1866-'67 by virtue of which, a trial by jury was demanded, had been repealed, that case is decisive of this and for the reasons there stated, the judgment of the Court below is affirmed.

The case is remanded, to be proceeded with, according to the course of the Court.

