STATE *ex rel.* ARMFIELD *v.* BROWN *et al.*

STATE on the relation of H. B. ARMFIELD and another *v.* JOHN D. BROWN and others.

In a case of a compulsory reference, either party, may at some stage of the proceedings, to be determined by the Court, demand a trial by jury of the issues arising in the report of the referee. But if the reference has been made by consent, the parties waive their right to have such issues tried by a jury, and cannot demand it, after having by such waiver renounced it.

RODMAN, J. *dissenting.*

CIVIL ACTION, (Suit on defendant's bond as guardian of plaintiffs,) heard before his Honor, *Judge Cannon,* at Fall Term, 1873, of ROWAN Superior Court.

The case was referred, at Fall Term, 1869, to James E. Kerr, to state an account, &c., and on the 9th of August, 1873, the report of the referee was returned. At Fall Term, 1873, the defendants excepted to the report of the referee, and filed in Court the following notice, which had been served, as stated:

" State, upon the relation of H. B. and M. S. Armfield,

*against*

John D. Brown and others.

*To Mess'rs Craige & Craige and McCorkle :*

GENTLEMEN : Take notice that we shall, on the calling of the above case, move the Court to submit as an issue of fact to the jury, the question of diligence or negligence of the defendant John D. Brown, arising out of the matters in controversy in the above named suit, under the act of 1866–'67, chap. 59, sec. 2.

Very respectfully,

BAILEY & HENDERSON,

Attorneys for defendants."

" Served Oct. 16th, 1873, by delivering copy of notice to Craige & Craige.

C. F. WAGGONER, Sheriff."

Defendants moved that such issue be made up and submitted to the jury. His Honor refused the motion on the ground that the notice was served too late.

From this judgment of the Court, the defendants appealed.

*Bailey and Fowle* for appellants.
*McCorkle, Craige & Craige and Jones & Jones,* contra.

BYNUM, J. This was a civil action upon a guardian bond. Upon complaint and answer, at Fall Term, 1869, there was a reference for an account. After taking proofs and hearing the parties, the referee made his report at Fall Term, 1873, when exceptions were filed by the defendants, who at the same time, upon due notice, demanded a trial by jury, upon the question of diligence, pursuant to chap. 59, sec. 2, of the acts of 1866–'67. This being refused by the Court, upon the ground that the notice was served too late, the defendants appealed. So the question to be determined is, were the defendants, as a matter of right, at that time, entitled to a jury trial under the said act, or otherwise.

1. The act above cited was passed before the adoption of the present Constitution, under which we have taken a new departure, both in legislation and the modes of procedure, in the trial of actions. Chap. 201 of the acts of 1868–'69, revises and consolidates all the statute laws of the State upon the subject of guardian and ward, as chap. 113 revises and re-enacts the whole body of our statute laws concerning executors and administrators, and the settlement of their estates. These acts are embodied in Battle's Revisal, chaps. 45 and 53, but the act relied upon by the defendants is omitted, thus confirming our legal conclusion that chap. 59, acts of 1866–'67 is repealed by the acts of 1868–'69 and chap. 121, sec. 2, Bat. Rev., which declares that all acts theretofore in force, the subjects of which are digested and compiled in the Revisal, are repealed, with certain exceptions not effecting this case.

2. Assuming, therefore, that the defendants cannot claim a

jury trial, under the act of 1866–'67, are they entitled to the remedy they ask under any other provision of the law ?

The claim of the defendants to a jury trial is next founded on the Constitution of the State, art. 11, sec. 18, of which provides " that in all issues of fact joined in any Court, the parties may waive the right to have the same determined by a jury, in which case the finding of the Judge upon the facts shall have the force and effect of a verdict of a jury."

The right of jury trial here secured is not absolute, but *sub modo*, that is upon all *issues joined*, the meaning of which term can only be ascertained outside of the Constitution, and in the legislation since, to secure the benefit of this provision of the Constitution.

By title 10, sec. 219, C. C. P., it is seen that the issues arise upon the pleadings, and if they are issues of law they are to be tried by the Court, but if they are of fact, by sec. 224, they are to be tried by a jury, unless a jury trial is waived. When issues of fact are thus made up and joined by the pleadings, they stand for trial and must be tried in one of two ways, either by the jury or by the Court, as is manifest by section 229. When, therefore, secs. 244 and 245 provided for a *reference*, these two sections are to be collated with sec. 229, and art. 4, sec. 18, of the Constitution of the State, from which it will be seen that the trial by reference is ancillary only to the reference to the Court, and the finding of the referees, when revised and completed, pursuant to secs. 246 and 247, becomes the finding of the Court, from whose judgment thereon the appeal lies to this Court.

There are three modes of waiving a jury trial:

1. By default; 2, by written consent; and 3, by oral consent, entered on the minutes of Court. Supposing these modes of the waiver of a jury trial were not merely directory, but essential, it would yet seem that a reference, appearing of record, is the highest evidence of waiver, and cannot be questioned without impairing the value and due order of judicial proceedings. When the record shows that a reference has been made,

it imports that every condition has been complied with, necessary to make it effectual, and confers upon the Court all the rights and duties conferred upon a jury. In the exercise of thi~ power the Court below may revise and correct its own findings, and to that end may invoke the aid of a jury in matters of doubt and conflicting evidence, and it may direct a jury to find either a general or special verdict, upon all or any of the issues, or upon any particular question of fact, all of which findings shall be written and entered of record. *Sec.* 233. The issues having been tried and the facts found, the judgment of the Court is rendered thereon. The mode of appeal is substantially the same, whether the trial is by jury, by the court, or by referees, and in either case the facts are found, the case settled and the argument here is confined to the exceptions of law taken, which are filed as a part of the case. There can be but few cases where it can be necessary or proper to set forth any of the evidence in a case settled for this Court. One instance is, where exceptions are taken in the trial, to the admissibility of evidence, in which case the exception is made a part of the case, with so much of the evidence as may be material to the question to be raised. *C. C. P. sec.* 236. Another instance would probably be the finding of a material fact by the Court, which is unsupported by *any* evidence. With these and perhaps a few other rare exceptions, this Court, even if disposed to, cannot look into the voluminous evidence which often encumbers the transcript of appeal.

3. But suppose a reference is *compulsory*, as provided for in certain cases specified in *C. C. P. Sec.* 245, is the right of of jury trial thereby lost? We think not, because the right of trial by jury is a constitutional one, and a reference, under the Code, is not *ex vi termini*, a waiver of this right, which can be lost by consent only. Such a construction must, therefore, be given to this section of the Code as will be consistent with the jealous watchfulness of the Constitution, over the right of trial by jury. The apparent difficulty here grows out of the fact, that the distinction between law and equity, as

to the forms of action, is abolished, and the right of trial by jury is now conferred in matters of equity as well as law, thus in a measure incidentally mingling the substance as well as the forms of the two jurisdictions.   The usual subjects of a compulsory reference will be, under the new system, matters of equity, which were formerly not tried by a jury, but which now must be, if the party claims the right.   There will be cases, those involving complicated matters of account, for instance, where, without a reference, there would be a failure of justice, and where if the parties refuse consent, the reference must be compulsory.   In such cases, if demanded, a jury trial must be allowed at some stage of the proceedings; at what period of the trial, must be determined by the Court in such way as will be most conducive to the ends of justice and a speedy and final termination of the controversy.   In analogy to equity proceedings it may be found most proper to order a jury upon the coming in of the report, when the material issues will be eliminated by the finding of the facts and the exceptions thereto.   This discussion, however, is not necessrry to the decision of our case, but is closely connected with and grows out of it.   In the case before us, we hold that the reference was by consent duly given, and that parties after selecting their forum and meeting with an adverse decision, will not be allowed, as a matter of right, to turn round and successfully assert a right which they had renounced.   The Judge below is not precluded from granting the application in the exercise of his discretionary and revisory powers, and doubtless he will do so in cases of evident wrong and injustice.   The law clothes him with that power as a trust, great, it is true, and liable to abuse, but not greater than was possessed by the Judges under the old system, when they could grant new trials until the verdict conformed to their views.   Nay, a Judge now, has not as much power as then, for so vigilant and zealous of abuse is the new Code, that *section* 236 makes express provision for an appeal from all orders granting as well as refusing new trials, in which cases exceptions are to be filed and the cases settled

as in the cases of appeal. In the case before us there is but a single item in dispute, and as to that, all the facts are found by the referee, and are not controverted by the defendants, thus presenting only questions of law for the Court.

Judgment affirmed, and case remanded to the end that the case be proceeded with according to the course of the Court.

PER CURIAM.                                    Judgment affirmed.

RODMAN, J., (*dissenting.*) I dissent from so much of the opinion of the Court in this case, as decides that the parties have *a right* to a trial by jury of the questions of fact made by exceptions to the report of a referee, upon a compulsory reference. I do not think that this right is given either by the Constitution or by C. C. P. in any case except that of issues joined in the pleadings.

In *Keener* v. *Finger*, (at this term,) it is held, upon a misconception, as I respectfully think, of the meaning of the words " issues of fact " in the Constitution, that this Court has no right to review the findings of facts by the Judge below in any case. The logical result was to make the Judge the *sole* and final judge in all such questions of fact as arose otherwise than upon the pleadings. This was an admitted danger, and to avoid it, it is necessary to hold, as is done in this case, that a party is entitled of right to a trial by jury of questions of fact such as I am speaking of. I think this Court, under its general power to control the practice of the Superior Courts, has a right to require the Judge to submit all such questions to a jury. But I think the rule will be found very inconvenient, if not impracticable, in practice. There is a class of cases, embracing all complicated accounts, which were held from the very earliest times incapable of being heard and properly determined by a jury. While a jury was thought the best and safest tribunal to try one, or only a few simple issues of fact, such as were those raised by the pleadings at common law, it was thought obviously inadequate to try the numerous issues

arising on a single disputed account, if complicated, or on mutual accounts. These were referred in the common law courts to auditors and in chancery to a master. This long established practice had its origin in the nature of things, and I fear our experience will show that it cannot be wisely changed. That this decision is necessary to preserve a consistency with that of *Keener* v. *Finger*, and to avoid the evil to result from that decision, I think is an argument against the decison in that case ; since it is found necessary to avoid one evil result by introducing another.

The proper rules I take to be these :

1. Issues of fact (meaning thereby only those made by the pleadings) are *of right* triable by a jury, and no others are.

As to how far a verdict is under the control of the Court there is no question. The rules are well known.

2. The trial of such issues of fact may be waived and given to referees or to the Judge, in which cases the finding has the effect of a verdict.

3. Certain matters may be referred compulsorily. The finding of the referee, both as to fact and law, may be reviewed by the Judge of the Superior Court on exceptions, or on a case settled before the referee, and the findings of the Judge may in like manner be reviewed in this Court.

4. All questions of fact which arise incidentally or otherwise than upon the pleadings, and not on exceptions to a report upon a compulsory reference, such as questions upon a motion to grant or vacate an injunction, to vacate a judgment, amend a record, &c., are triable by the Judge, and his finding *might* be reviewed by this Court. There is no prohibition on this Court to do so by the Constitution or the C. C. P. But it would be inconvenient *in general* for this Court to do so, and. *for that reason* it held before its re-organization in 1868, and, has since held, except in the case of injunctions, it would not do so. This class of cases has been so well defined as not often to be mistaken.