STATE on the relation of E. S. P. LIPPARD *v.* JAMES C. ROSE-
MAN, Adm'r., and others.

When an amendment lies within the discretion of the presiding Judge
of the Superior Court, this Court will not review the exercise of that
discretion.

Parties are entitled to a jury trial in all cases when they have not waived
their right to demand it, *as they have in a reference by consent.*—— 70,
N. C. Rep. 34.

Where an administrator kept the Confederate money of his intestate
"in a tin box promiscuously with his own private money of the same
character, without package or label to distinguish it as a trust fund,
and bonded it in the same indiscriminate manner, *taking certificates in
his own name*, and kept no account of the respective amounts of the
trust .fund and his own private money thus bonded:" *Held*, that he
was responsible for the value of such Confederate money in the present
currency, with interest from the time of its reception.

(The cases of *Cummings* v. *Mebane*, 63 N. C. Rep. 315; *Shipp* v. *Hettrick*,
Ibid, 329: *Lippard* v. *Roseman*, 70 N. C. Rep. 34, cited and approved.)

CIVIL ACTION upon the bond of defendant as administrator,
heard by *Wilson, J.,* upon a motion to confirm the report of
the referee, at Fall Term, 1874, of ROWAN Superior Court.

The facts are stated in the report of the same case, at Jan-.
uary Term, 70 N. C. Rep. 34.

On the last trial in the Court below, the defendants having
given notice to that effect, upon the affidavit by one of the
counsel, moved the Court to amend the records, *nunc pro tunc*,
so as to show that the order of reference heretofore made, was
not by consent, but compulsory. This motion, the Court re-
fused; upon which the defendants excepted.

The defendants then. moved the Court for a jury to try the
issues arising in the referee's report. This motion was also re-
fused by his Honor; and the defendants again excepted.

The case was then heard on the exceptions filed to the re-
port of the referee by the plaintiff and defendants; and his
Honor, after consideration, ordered and adjudged, that the said

exceptions be overruled, and the report of the referee amended, and confirmed. From this judgment the defendants appealed.

*Bailey*, for appellants.
*Craige & Craige* and *Jones & Jones*, contra.

Settle, J. The question of practice raised by the record, was decided when the case was first before the Court, 70 N. C. 34.

And the main question has been repeatedly decided by this Court, adversely to the views which are now passed upon the argument in behalf of the defendants. *Cummings* v. *Mebane*, 63 N. C. 315. *Shipp* v. *Hettrick*, Id. 329.

The defendant Roseman, sold nine slaves on the 11th of August, 1863, for Confederate money. If we admit that Confederate money was as good an investment as the slaves, which, however, is denied, as the hires of the slaves would have amounted to something, yet the defendant, after the disbursement of a small portion of said money, "keep the balance in a tin box promiscuously with his own private money of the same character, without package or label to distinguish it as a trust fund, and bonded it in the same indiscriminate manner, *taking certificates in his own name*, and kept no account of the respective amounts of the trust fund, and his own private money thus bonded," and when testifying in his own behalf could not state whether he had invested in four per cent certificates, four or six thousand dollars of the money belonging to the Kelner estate.

There was no mark about this money to distinguish it from this other money, and, as is said in *Shipp* v. *Hettrick*, there never was such a separation of it from all other monies in his hands, as to make it cease to be his, and become a part of the estate of his intestate.

How can the defendant claim to be in a better position than if he had made a general deposit of this money in bank, in his own name?

We have held that in such case the defendant would not have been discharged from liability.

But we do not feel called upon to repeat the reasons upon which *Shipp* v. *Hettrick* was decided. They are however, conclusive of this case.

The judgment of the Superior Court is affirmed.

PER CURIAM.                                    Judgment accordingly.