BENJAMIN S. ATKINSON and another, Administrators, v. WILLIAM WHITEHEAD.

*Practice—Reference.*

A reference by consent is the mode of trial selected by the parties, and is a waiver of the right of a trial by jury.

(*Klutz* v. *McKenzie,* 65 N. C. 102; *Armfield* v. *Brown,* 70 N. C. 27; *Green* v. *Castlebury, Ibid.* 20; *Keener* v. *Finger, Ibid.* 35, cited and approved.

MOTION for the Removal of an Action, heard at Spring Term, 1877, of PITT Superior Court, before *Eure, J.*

Peyton Atkinson died in 1862, leaving a last will and testament appointing his wife, Virginia, his executrix who qualified as such. In 1866, she married the defendant who gave bond and qualified as administrator with the will annexed. In 1869, he was removed from his office and the plaintiffs, B. S. Atkinson and Henry Sheppard, were appointed in his place, and in 1871, instituted proceedings against the defendant to compel a final settlement of his administration. At Fall Term, 1874, of said Court, the following entry was made on the docket; "Referred on motion of plaintiffs to B. W. Brown to state account." By virtue of this authority the Referee upon notice to the parties took the testimony in the case in presence of plaintiffs and defendant, completed the account and returned it to Spring Term, 1876, of said Court, when the plaintiffs filed exceptions thereto.

The plaintiffs now upon affidavit ask that the cause be removed to another County for trial. This was resisted by the defendant on the ground; (1) because the plaintiffs had by moving the reference waived a trial by jury; (2) that until the exceptions were disposed of, no issues could be joined for trial by jury; (3) that until the report was set aside and the order of reference revoked, no issues could be

submitted to a jury ; and (4) that the order of reference was a substantial compliance with C. C. P. § 246. His Honor allowed the motion and ordered the case to be removed to Edgecombe County for trial. Appeal by defendant.

*Messrs. Jas. E. Moore* and *D. M. Carter*, for plaintiffs.
*Messrs Gilliam & Pruden*, for defendant.

BYNUM, J. The general constitutional right to a trial by jury is qualified by Art. IV, § 13 of the Constitution, which provides ; "That in all issues of fact joined in any Court, the parties may waive the right to have the same determined by a jury, in which case the finding of the Judge upon the facts, shall have the force and effect of a verdict of a jury.'' The C. C. P. § 245, seems to have gone a step beyond this limitation of the Constitution, and in a certain class of cases, to authorize a compulsory reference, or a reference upon the application of one party to the action, without or against the consent of the other. This Court, however, has put such a construction upon § 245 of the Code, as harmonizes it with the constitutional right of trial by jury, by declaring that although a compulsory reference may be ordered under this section of the Code, yet when the report of the Referee is made and the material issues are eliminated by the exceptions taken thereto, the issues of fact thus joined by the pleadings, report and exceptions shall be submitted to a jury, if demanded in apt time. *Klutz* v. *McKenzie*, 65 N. C. 102 ; *Armfield* v. *Brown*, 70 N. C. 27 ; *Green* v. *Castlebury, Ibid*, 20 ; *Keener* v. *Finger, Ibid*, 35.

The only question to be determined in our case is, whether the reference ordered, was compulsory or by the consent of the parties. After the pleadings were all in and the issues joined, upon the motion of the plaintiffs themselves, the reference was ordered by the Court, to take and state the account between the parties. This motion was not opposed;

that is, was assented to by the defendant. The reference was therefore by consent and is the mode of trial selected by the parties and is a waiver of the right of trial by jury. After the reference so made, neither party as a matter of right is entitled to have a jury. The motion for a jury comes with no good grace from the party on whose motion it was waived.

As the account ordered to be stated involves all the issues made by the pleadings, including the entire administration of the defendant, there can be no force in the point made, that the reference ordered applied only to the first cause of action stated in the complaint, and not to the the second cause of action. Both causes of action, if there are two, relate to the same matter and are inseparable in·this action, which is for the final settlement of the defendant's administration. The reference necessarily embraces all the issues and must be proceeded with according to law. There being no issues for trial by jury it was error to order the action to be removed to another County.

Error.

PER CURIAM.                              Judgment reversed.