B. M. ISLER v. HARRIET M. DEWEY and others.

*Practice—Continuance.*

Where the Court below continued an action, the pleadings raising
issues to be tried either by a jury or by the Court, and the Court
holding that a trial could not then be had ; *Held*, not to be error.

APPEAL from an Order of Continuance made at Spring
Term, 1878, of WAYNE Superior Court, by *Eure, J.*

The case states: This cause was called for trial by plain-
tiff's counsel, after the discharge of the jury, when the de-
fendants' counsel objected, for that, an issue of fact was
raised by the pleadings requiring the intervention of a jury,
and insisted on a continuance. In reply to this the plaintiff
insisted that defendants were estopped by proceedings here-
tofore had in an action between the same parties, but His
Honor held otherwise and ordered the continuance, from
which ruling the plaintiff appealed.

*Mr. S. W. Isler,* for plaintiff.

*Mr. A. K. Smedes,* for defendants.

READE, J.    The action is for a tract of land and for $400 a year for nine years for use and occupation.

When the case was called below the jury had been discharged (for the term as we suppose), and the defendant moved for a continuance which the plaintiff resisted upon the ground that the issue which would seem to require a jury, *e. g.* the value of the use and occupation, had been adjudicated in a former action between the parties, and therefore no jury was necessary. All this was denied by the defendant. What was adjudicated in another suit between the parties was of course a matter of fact to be determined on the *trial,* and not upon a motion for *continuance.*

The plaintiff insists that the evidence of what was adjudicated in a former action is a matter of record, and therefore to be determined by the Judge and not by the jury. Take that to be so for the sake of the argument, still it is to be determined *on the trial,* and not before. The pleadings certainly raise issues, and they can only be determined on the trial, which trial His Honor held could not then be had. Nothing appears in the case to satisfy this Court that His Honor erred in his ruling, and therefore we affirm his judgment.

The uselessness of appealing from a continuance will be understood, if it be considered that the appeal itself works a continuance. If we could have sustained the objection to the appeal, still the case could not stand for trial until the next term of the Court below. And that would have been the result if there had been no appeal.

No error.

PER CURIUM.                    Judgment affirmed.