## W. OVERBY and wife v. THE FAYETTEVILLE BUILDING AND LOAN ASSOCIATION.

*Practice—Reference—Exception to Report—Building and Loan Association—Interest of Shareholder—Interest—Mortgage—Covenant to Insure—Consent Reference—Jury Trial.*

1. An exception to the report of a referee that a party is not credited with a certain amount in the statement of accounts cannot be made upon the trial of the action on the referee's report where the claim was not asserted before the referee and no evidence offered in its support.

2. A shareholder in a building and loan association, whose stock is redeemed, cannot participate in the profits of the business thereafter. To retain the property in his stock, he must conform to the general regulations and contribute as others are required to do; otherwise he puts an end to his relations with the association and ceases to have any further interest in its affairs.

3. Interest is allowed upon the items of an independent account when used as a set-off or counter-claim to extinguish or reduce a debt, but is not to be computed upon *payments* as such, whose effect is to reduce *pro tanto* the sum due, interest being first discharged.

4. Where a mortgage contained a covenant that the mortgagor should keep the mortgaged premises insured, and in case of his failure to do so, the mortgagee should have the privilege of insuring the same, &c. *Held*, that any moneys paid by the mortgagee for insurance, (the mortgagor having failed to insure,) are properly chargeable against the mortgagor upon a settlement of account.

5. The right to a trial by jury of facts passed upon by a referee, does not extend to a reference by consent.

6. Where a plaintiff in his complaint expresses a readiness and willingness to come to a fair and equitable settlement, and the defendant in his answer submits to the account and settlement proposed by plaintiff; and where the matters of account are proper subjects of reference, and no opposition to the order of reference is made by either party; *Held*, to be a reference by consent.

(The manner of settling the affairs of building and loan associations announced in *Mills* v. *Salisbury B. & L. A.*, 75 N. C., 292, affirmed.)

(*Mills* v. *Salisbury B. & L. A.*, 75 N. C., 292; *Vann* v. *Fayetteville B. & L. A., Ibid.*, 494; *Green* v. *Jones*, 78 N. C., 265; *Bunn* v. *Moore*, 1 Hay., 279; *North* v. *Mallett*, 2 Hay., 151; *Smith* v. *Brown*, 3 Hawks,

580; *Brown* v. *Brooks*, 7 Jones, 93; *Wilson* v. *Derr*, 69 N. C., 137; *Reynolds* v. *Magness*, 2 Ire., 26; *Lippard* v. *Roseman*, 70 N. C., 34; *Atkinson* v. *Whitehead*, 77 N. C., 418; *Armfield* v. *Brown*, 70 N. C., 27, cited, commented on and approved.)

CIVIL ACTION heard upon Exceptions to the report of a Referee at Spring Term, 1879, of CUMBERLAND Superior Court, before *McKoy, J.*

The plaintiff was a shareholder in defendant corpora-. tion, and upon the redemption of his stock by the association, he and the *feme* plaintiff joined in the execution of mortgage deeds to defendant to secure the performance of certain covenants and agreements. The plaintiff alleged that the defendant had advertised the mortgaged premises for sale, and asked for an order to restrain the same, upon the ground that the contract set out therein was usurious; and also asked for an account and settlement with the association. The case was subsequently referred to the clerk of the court to state an account, and upon the coming in of his report, exceptions were filed by the plaintiff, which are sufficiently set out by THE CHIEF JUSTICE in delivering the opinion. The court below overruled the exceptions, confirmed the report, and gave judgment for the defendant, and the plaintiff appealed.

*Messrs. Guthrie & Carr* and *T. H. Sutton,* for plaintiffs.

*Messrs. Hinsdale & Devereux* and *McRae & Broadfoot,* for defendant:

In the argument, cited and commented on *Green* v. *Jones,* 78 N. C., 265; *Atkinson* v. *Whitehead,* 77 N. C., 418; *Armfield* v. *Brown,* 70 N. C., 27; *Lippard* v. *Roseman, Ibid,* 34, and 72 N. C., 427. On hearing exceptions to report of referee, no evidence can be received to support an exception which was not offered before the referee. *Nash* v. *Taylor,* 2 Hay., 174. All the evidence must be stated. *Mitchell* v. *Walker,* 2 Ire. Eq., 621;

*Green* v. *Castleberry*, 70 N. C., 20; *Cain* v. *Nicholson*, 77 N. C., 412. The account is stated according to the rule established by this court in *Bunn* v. *Moore*, 1 Hay., 323. The contracts are not upon their face usurious, and in this action the plaintiff seeks equitable relief; he must therefore do equity. *Beard* v. *Bingham*, 76 N. C., 285; *Ballinger* v. *Edwards*, 4 Ire. Eq., 449; *Simonton* v. *Lanier*, 71 N. C., 498.

SMITH, C. J. The plaintiff, W. Overby, became the owner at different times of eleven and of eight shares of stock in the defendant corporation which were subsequently redeemed by the association at the price of $1,210 for the first, and $800 for the last lot of shares. The contract of redemption, under the regulations of the association, requires the continued payment of monthly instalments on the shares and other dues from stockholders, and the payment of interest on $200, the full par value of each share of stock, at the rate of eight per cent. per annum, until by the accumulated profits that sum can be distributed among the holders of the unredeemed shares, when all further payments are to cease, and the former owner of the redeemed shares is permanently disconnected from the association and the business between them closed. These payments from holders of stock redeemed or purchased by the association, to be ultimately extinguished, and kept in existence only to maintain in force the obligation to make the regular payments, are required to be secured by mortgage; and in this case were secured by two conveyances of land, executed by both the plaintiffs, of which copies are annexed to the pleadings.

When the decision of the court in the case of *Mills* v. *The Salisbury Building and Loan Association*, 75 N. C., 292, and in the similar case of *Vann* v. *The Fayetteville Building and Loan Association* (this defendant), 75 N. C., 494, made at the same time, was known, the defendant determined in conformity

to the opinion in those cases, to close up its business and divide its funds among the shareholders, and was proceeding to do so, by selling the mortgaged premises of the plaintiffs, when this action was instituted and further progress arrested by injunction.

The matters in dispute between the parties were referred to the clerk, who has stated an account upon the basis of giving the plaintiffs credit for all moneys paid by them to the association for instalments, fines or otherwise, and charging them with the money actually received with interest To this end monthly computations with deductions for monthly payments have been made, and the referee reports to be due upon both transactions from the plaintiffs the sum of $1,134.31, with interest on $969.87, principal, from January. 29th, 1877, the day to which the interest is computed.

The plaintiff appeared before the referee, when he took the account, and objected to certain parol evidence of payments by the association for insurance on the property, which is set out in the referee's report, but made no other objection until the report was returned to court. He then filed several formal exceptions in addition to that taken before the referee, and demanded a jury trial of all of them. The court permitted an issue to be drawn up and submitted to the jury as to the plaintiff's failure to insure, and the insurance and payment by the association of the premiums therefor, which were both found in favor of the defendant, and His Honor declined to submit other issues for reasons mentioned in the record, and which will hereafter appear. The exceptions were taken to the report after its return, and the correctness of the rulings of the court thereon are before us for consideration. They will be disposed of in their proper order:

1. For that the plaintiff is not credited with a payment of $185, alleged to have been made by him.

No such claim seems to have been asserted before the

referee, nor any evidence offered in its support. He has, therefore, made no ruling either on the admission or rejection of the claim. Its character is not pointed out in the exception itself, nor any reason suggested why it should be allowed. It would defeat all the desirable objects and advantages of a reference, if a party may slumber upon his rights, or if present, fail to assert and sustain them by proof before the referee, and then complain of the omission of the latter to pass upon a claim of which he had no notice and no information. This cannot be allowed. *Green* v. *Jones*, 78 N. C., 265.

2. For that the plaintiffs have no credit for the value of their stock.

It does not appear that this claim was made before the referee, and, if it had been, it should have been disallowed. The proposed adjustment between the parties, the proper mode of doing which is intimated in the opinion in the cases cited, is upon the basis of an actual loan of money and subsequent partial payments therefor by the plaintiff, and, upon the settlement of the balance due, of the retirement of the redeemed shareholder from the association. It is unreasonable to permit him to retain his original stock and participate in the profits of a business equally with those who have made their required and regular contributions to the common fund, while he withdraws and appropriates his own to the discharge of a debt, and actually pays nothing. To retain the property in his stock, he must conform to the general regulations and contribute, as others are required to do. Instead of this, he prefers to put an end to his relations with the association, and ceases to have any further interest in its affairs. He is thus, by his own voluntary act, a shareholder no longer.

3. That interest is not allowed on the plaintiff's successive payments.

Interest is allowed upon the items of an independent ac-

count when used as a set-off or counter-claim to extinguish or reduce a debt, but is not to be computed upon *payments,* as such, whose effect is to reduce *pro tanto* the sum due, interest being first discharged. This rule of computation is laid down in *Bunn* v. *Moore,* 1 Hay., 279, and in *North* v. *Mallett,* 2 Hay., 151, and has been recognized and followed since. Same rule laid down in *Story* v. *Livingston,* 13 Peters Rep., 359.

4, 5 and 6 Exceptions: For that the plaintiff is charged with premiums paid the defendant for insurance on the buildings upon the mortgaged land.

The jury find upon issues submitted to them that the plaintiff failed to insure the premises, and the defendant, in consequence, effected the insurance and paid therefor the several sums charged against the defendant in the account. The mortgage contains a clause authorizing this to be done. Among the covenants of the mortgagor are, that " he will keep the buildings on said premises during the said time in good repair, and insured;" and (in the 3d clause,) " that the said association shall have the privilege of insuring the said buildings, and paying all taxes and charges on the said lands in case of the failure of the party of the first part (the mortgagor) so to do." The charge is consequently a proper one and was rightly allowed.

On the trial of the issue before the jury, a witness was permitted to prove the payment by the defendant of the insurance premiums, the plaintiff objecting to the evidence on the ground that the written receipt of the insurance company or its agent, was the primary and only admissible proof. This objection is founded upon a misconception of the law applicable to this species of evidence. A receipt or memorandum in writing, acknowledging the payment of money, when executed by a stranger to the action, is not only not the best evidence of payment, but if offered, is inadmissible proof of the fact. It is but an unsworn declara-

tion of the person executing it, and would be properly rejected by the court for this reason. It was entirely competent to show ·the payment by any person present when it was made, and cognizant of the transaction. Such a writing given by one of the parties in the suit to the other, is but an acknowledgment and does not preclude direct testimony to the fact. *Smith* v. *Brown,* 3 Hawks, 580 ; *Brown* v. *Brooks,* 7 Jones, 93 ; *Wilson* v. *Derr,* 69 N. C., 137; *Reynolds* v. *Magness,* 2 Ire., 26.

7. For that the plaintiff is charged with more money than he received by the sum of fifty dollars.

The vagueness of this as of the first exception is a sufficient reason for disregarding both, and what we have already said in considering the one applies with equal force and pertinency to the other. But a full and satisfactory answer is found in what is said by the court below, as a reason for overruling it: "That the report of the referee showed that the plaintiffs were charged with no more ·money than· in their complaint they allege they received from the defendant."

The plaintiffs further except that other matters of controversy in regard to the report were not permitted to go to the jury. It is perfectly well settled that the right to a trial by jury of the facts passed on by the referee does not extend to a reference by consent. *Lippard* v. *Roseman,* 70 N. C., 34, and same case, 72 N. C., 427 ; *Atkinson* v. *Whitehead,* 77 N. C., 418, and other cases. Was this a reference by consent ? We are inclined to think it was and for these reasons :

1. The plaintiff in his complaint (Art. 13) expresses a readiness and willingness to come to a fair and equitable settlement.

2. The defendant submits in his answer (Art. 12) to the account and settlement proposed by the plaintiff.

3. The matters of account are a proper subject of reference and no opposition to the order was made by either.

In *Atkinson* v. *Whitehead, supra,* an order was made in these words: "Referred on motion of plaintiffs to B. W. Brown to state account." BYNUM, J., discussing the character of this order, says: " After the pleadings were all in and the issues joined upon the motion of the plaintiffs themselves, the reference was ordered by the court to take and state the account between the parties. This motion was *not opposed,* that is, it was *assented to* by the defendant. The reference was, therefore, by consent, and is the mode of trial selected by the parties and is a waiver of the right of trial by jury." The plaintiff was here demanding a jury, while at his instance the reference was directed, but it could only be by consent, when the consent was mutual, concurred in by both. The rights of the contesting parties are not varied because one of them asked for the order. It is binding equally on both or on neither, and the same consequences follow to each.

The right, however, to have issues framed for a jury trial of facts contained in the report, must be confined to such controverted facts as were presented to the referee and required his decision, and the verdict is a mode of reviewing his findings. This is an anomalous practice, and should not be extended. Indeed, it may be questioned, as the correctness of the opinion in *Armfield* v. *Brown,* 70 N. C., 27, was in the dissenting views of a member of the court at the time, whether the recent amendments of the constitution do not change the law, as then declared, and restore the power, exercised by the courts of equity under the former system, of disposing of exceptions to a referee's report without the intervention of a jury. But we are not required and we forbear to express an opinion of the full extent and measure of these constitutional changes.

There have been other points brought into the argument, such as the legal capacity of the defendant to make loans and collect interest, and the presence of a usurious taint in

the transactions themselves, which are not essential to the determination of the cause. There was in fact no lending of money, but a redemption or calling in of stock at an agreed price, on the terms and under the regulations adopted by the shareholders and carried out substantially in the provisions of the mortgage deeds. The only interest stipulated to be paid was at the rate of eight per cent. upon the future contemplated value of the stock, until the maximum was reached. As the rate of interest is thus established by the contract, and the consideration received for redemption was in fact money, in the view of the court which decided *Mills* v. *The Salisbury Building and Loan Association, supra,* the solution of the controversy was to be attained by treating the vendor as borrower, the vendee as lender, and the sum received money loaned, and adopting the conventional interest allowed by law. The court in that case say: " If the parties should desire to settle upon the basis of what we have intimated, there will be an account stated, charging the plaintiff with $379 and interest at six per cent., that being the rate agreed on up to the time of stating the account. He will then have credit for all the interest, dues and fines, and all other payments, if any, which he has made, with interest thereon from the time the payments were made, and the balance will be the amount due the defendant. This will be a charge upon the land under the mortgage, and for it the land may be sold after a reasonable time." Upon this principle the account is stated, and by this the defendant is willing to abide. Surely the plaintiff can find in it no just ground of complaint.

The plaintiffs seek relief from what they deem an oppressive and usurious contract, and a court of equity grants it only on condition that they pay what they owe with lawful interest.

This is the full measure of relief to which they are en-

titled, and this is secured to them in the referee's report. We must therefore declare there is no error and affirm the judgment.

No error.                                               Affirmed.