JAMES W. GRANT Adm'r v. WILLIAM A. REESE Adm'r.

*Consent Reference—Right to Jury Trial.*

A reference by consent is a waiver of the right to a trial by jury; and after the filing of the referee's report, it is *error* to continue the cause in order to allow time for a jury trial.

(*State* v. *Lindsey*, 78 N. C., 499; *Isler* v. *Dewey*, 79 N. C., 1; *Klutts* v. *McKenzie*, 65 N. C., 102, *Overby* v. *B. & L. A.*, 81 N. C., 56; *Jones* v. *Boyd*, 80 N. C., 258; *Armfield* v. *Brown*, 70 N. C., 27; *Green* v. *Castlebury*, *Id.*, 20; *Atkinson* v. *Whitehead*, 77 N. C., 418, cited and approved )

APPEAL from an Order made at Fall Term, 1879, of NORTHAMPTON Superior Court, by *Avery, J.*

The facts constituting the basis of the decision in this court are stated in its opinion. The plaintiff appealed from the judgment of the court below.

*Mr. R. B. Peebles*, for plaintiff.
*Messrs. Gilliam & Gatling*, for defendant.

SMITH, C. J. This action is brought on the bond executed by the defendants on the appointment of the defendant, William A. Reese, as administrator *de bonis non*, with the will annexed of Martha Parker, by the plaintiff as administrator *de bonis non* of Sterling Smith, sole devisee and

legatee under her will, and charges negligence in the man-
agement of the estate and a waste and misapplication of
assets.    The answer denies the allegations of mismanage-
ment and waste, and at the return term an order was en-
tered in the cause in the following terms: "Referred to Wm.
H. Hughes to state an account and report."   The cause was
continued without any report from the referee until fall
term, 1878, when the following order was made: "This
cause coming on to be heard and no report having been
made by the referee, *it is now agreed*, that the former refer-
ence be, and the same is hereby stricken out, and *it is further
agreed*, that the cause be referred to T. W. Mason, Esq, to
take and state the account between the estate of Martha
Parker and W. A. Reese, her administrator, and it appear-
ing that, to ascertain how said account stands, it is neces-
sary to take an account between said estate of W. J. Harrell,
her former administrator, the said T. W. Mason will take
the same also and report to the next term of this court."

In accordance with this direction the referee stated the
account and made report to fall term, 1879, separating and
distinguishing his findings of fact from his findings of law,
with exhibits and testimony taken before himself and the
former referee, not necessary to be more particularly set out.
Numerous exceptions were filed by the defendants and a few
by the plaintiff.   Before the hearing of the exceptions the
following order was entered in the cause: "It appearing to
the court that counsel for defendants demands a trial by a
jury upon the issue raised upon the exceptions to the referee's
report, it is ordered by the court, the cause be continued to
the next term of this court to the end that issues may be
framed and that the trial by jury may be had."   From the
ruling of the court that defendants are entitled to a jury
trial upon the issues raised, the plaintiff appeals.

In considering the import of the record which directs a
continuance to the end that a jury trial may be had, we

have had some hesitancy in sustaining the appeal, certainly none lies from an order of continuance, and the purpose for which it is made does not change its character as a simple adjournment of the further hearing to another term. *State* v. *Lindsey*, 78 N. C., 499; *Isler* v. *Dewey*, 79 N. C., 1. But upon a fair and reasonable construction of the record, we think it must be understood to mean that the defendants' motion was allowed and the continuance follows as necessary to give effect to the ruling. The point then presented is the right of the defendants to demand a jury trial of disputed facts arising out of exceptions to the referee's report.

"In a case involving complicated accounts," says PEARSON, C. J., delivering the opinion of the court in *Klutts* v. *McKenzie*, 65 N. C., 102, " the mode of trial under C. C. P. *is by reference* and the proceeding is in analogy to a reference to the clerk and master in the old mode of equity procedure, and his report is to be *finally disposed of on exceptions*," and a jury trial could not be demanded. Aside from the force of this authority, we have already intimated that the effect of the recent constitutional changes may be to restore the power exercised by the courts of equity under the former system of disposing of exceptions to a referee's report without the intervention of a jury. *Overby* v. *B. & L. Association*, 81 N. C., 56; *Jones* v. *Boyd*, 80 N. C., 258, and *Hettrick* v. *Page, ante* 65.

But the reference here is by an agreement of the parties expressed upon its face, and the right to have a jury pass upon the facts, if otherwise it could have been claimed, has been waived. *Armfield* v. *Brown*, 70 N. C., 27; *Green* v. *Castlebury, Ibid.*, 20; *Atkinson* v. *Whitehead*, 77 N. C., 418, and *Overby* v. *B. & L. Association, supra.*

It must therefore be declared there is error in the order allowing the defendants' demand for a jury, and it is reversed. The record is very voluminous and much of it

wholly unnecessary in elucidating the point presented in the appeal. In accordance with Rule 4, *Costs of Appeal*, the clerk will not tax the appellee with the cost of that part of the transcript sent up which consists of the referee's report and the exhibits and evidence accompanying it.

Error.                                              Reversed.