The following is a copy of the case stated on appeal for this Court:
"Plaintiffs having announced their readiness for trial, the counsel of the defendants suggested the death of Marcus Bear, one of the defendants, since the last term. the fact of the death was not controverted, and the defendants' counsel stated that he believed the defendants were ready for trial, but the case was not in condition to be tried. That the personal representative of Marcus Bear was an indispensable party, *Page 77 
and was not before the court, and in his absence the case could not be tried. The plaintiffs' counsel insisted that such personal representative was not a necessary party, and urged an immediate trial of the cause. The judge ordered the case to be continued." To this ruling the plaintiffs excepted and appealed to this Court.
It has been repeatedly and uniformly held by this Court that no appeal lies from an order continuing the action for trial or other proper proceeding in it. Such order is made in the exercise of the discretion of the court, and is not reviewable. And moreover, the (59) appeal could serve no practical purpose, as before this Court could hear and determine it, the term of the Superior Court at which it was sought to have the trial, or other proper steps taken, would terminate, necessarily leaving the case open for proper action in it at the next succeeding term. Austin v. Clark, 70 N.C. 458; S. v. Lindsay,78 N.C. 499; Isler v. Dewey, 79 N.C. 1; S. v. Vann,84 N.C. 722; Johnson v. Maxwell, 87 N.C. 18.
The counsel for the appellants insisted in the argument that the court below erroneously held that the personal representative of the deceased defendant was a necessary party defendant, and this sufficiently appears in the record, and that in effect the appeal was taken from the decision of the court in this respect. If it certainly appeared from the record that the court so decided, it might well be questioned whether an appeal would lie from an order directing the personal representative to be made a party, as such an order would have been only interlocutory, but it does not appear that such a decision was made, unless by mere doubtful inference.
The court seeing that the action did not necessarily abate by the death of a party, may have deemed it just and proper to continue the action, to the end that reasonable opportunity might be afforded any of the several defendants interested to take steps to make the personal representative a party, or to allow him such opportunity to apply to be so made, leaving any and all questions as to the necessity and propriety of making him a party, or his right to be so made, to be decided when they should arise in the course of the action. Indeed, this seems to have been the view the court took, acting on the suggestion of the appellees' counsel. Orders and judgments appealed from should always appear in the record with certainty.
The appeal was improvidently taken, and must be dismissed. (60)
Dismissed. *Page 78