* TAMA McDANIEL v. G. C. SCURLOCK.

*Practice—Case on Appeal—Service of Original Case Instead of Copy—Compulsory Reference—Right to Jury Trial.*

1. An appellee cannot complain of the service of the original case on appeal instead of a " copy " thereof, the word " copy " in section 550 of *The Code*, bearing no such restricted meaning.

2. An appellant cannot complain that his original statement of case on appeal was not returned to him within five days, when, in fact, the appellee's exceptions thereto were duly filed with him within the five days.

3. Where an appellant, after exceptions filed to his " case on appeal," fails to apply to the Judge to settle the case, this Court may consider the appellant's "statement" and the appellee's exceptions as the case on appeal, or, in case of any complications, the case will be remanded in order that the Judge may settle the case.

4. The record proper controls the " case on appeal " and, if error appears therein, a new trial will be granted.

*MACRAE., J., did not sit on the hearing of this case.

5. Upon the coming in of the report of a referee in a compulsory reference, a jury trial may be demanded upon such issues of fact as are raised by the pleadings and designated by the exceptions to the report.

6. When an action is referred by consent and upon the coming in of the report, the order of reference is stricken out, without objection, and at a subsequent term, and in the face of a demand for a jury trial and despite objections, a re-reference is made, the reference thereupon becomes *compulsory.*

CIVIL ACTION, tried before *Bryan, J.,* on exceptions to referee's report, at May Term, 1894, of CUMBERLAND Superior Court. The plaintiff appealed from the judgment rendered for the defendant. The facts sufficiently appear in the opinion of Associate Justice CLARK.

*Mr. Samuel H. MacRae* for plaintiff (appellant).
*Mr. Thomas H. Sutton* for defendant.

CLARK, J.: The appellee cannot complain that the appellant's original "statement of case on appeal" was served on him instead of a copy. The word "copy" in section 550 of *The Code* bears no such restricted meaning. It simply means that a statement of appellant's case on appeal must be left with the appellee so that he may scrutinize it at his leisure, and make out his exceptions thereto within the five days allowed. Nor can the appellant complain that such statement was not returned to him in five days when the appellee's exceptions were in fact served within the statutory five days, unless it appear that the appellant was injured in his rights thereby. The essential points are the legal service in ten days of plaintiff's statement on the appellee and legal service in five days of appellee's exceptions (or his counter-case, *Horne* v. *Smith,* 105 N. C. 322,) on appellant, and the latter's application to the Judge to settle the case. This diligence is due by each to the opposite party. The other matters above insisted on do not affect the rights of parties, and would

lead us into the realm of "red-tape," whither we have no inclination to enter.   His Honor has found the facts on the controverted question of service of case and counter-case as it was his duty to do.   *Cumming* v. *Huffman*, 113 N. C., 267. Upon such findings, it appears that the appellant did not apply to the Judge to settle the case, and we might take his "statement" as amended by the appellee's exceptions as the case on appeal.   *Russell* v. *Davis*, 99 N. C., 115; *Owens* v. *Phelps*, 92 N. C., 231.   Or, if this would be complicated, the Court would remand that the case might be properly settled by the Judge.   *Arrington* v. *Arrington*, 114 N. C., 115; *Hinton* v. *Greenleaf*, at this term.

But an examination of the record proper, which would control the "case on appeal," shows error which entitles the appellant to a new trial.   It is true that a consent to a reference once given cannot be withdrawn.   *Armfield* v. *Brown*, 70 N. C., 27; *Perry* v. *Tupper*, 77 N. C., 413; *Fleming* v. *Roberts*, 77 N. C., 415.   Here, the plaintiff asked originally for a reference and it was made without his excepting thereto. But it appears from the record that at a subsequent term, July, 1892, the referees failing to agree, the order of reference was stricken out by the Court.   Neither party excepted to this.   At November term, 1892, the Court re-referred the case to the same two referees named in the first order of reference, adding thereto a third.   To this new order of reference both parties excepted.   It was therefore compulsory reference.   In such case the procedure is thus stated by BYNUM, J., in *Armfield* v. *Brown*, 70 N. C., on page 31 : "There will be cases, those involving complicated matters of account, for instance, where, without a reference there would be a failure of justice, and where if the parties refuse consent the reference must be compulsory.   In such cases, if demanded, a jury trial must be allowed at some stage of the proceedings, at what period of the trial must be determined by the Court in such way as will be most conducive to the ends of

justice and a speedy and final determination of the contro- versy. In analogy to equity proceedings it may be found most proper to order a jury upon the coming in of the report, when the material issues will be eliminated by the findings of the facts and the exceptions thereto." The right to trial by jury does not extend to questions of fact passed upon by the referee (*Grant* v. *Hughes*, 96 N. C., 177 ; *Carr* v. *Askew*, 94 N. C., 194), but only to issues of fact raised by the pleadings and designated by the exceptions. *Yelverton* v. *Coley*, 101 N. C., 248. Where there has been a reference by consent, or, which is the same thing, a reference without objection by the party seeking afterwards a jury trial, if the Judge sets aside the report in whole or in part and recommits the case, it is still a consent reference. *Morisey* v. *Swinson*, 104 N. C., 555. But in the present case the order of reference itself was stricken out without objection, and at the next term the Court referred the case against the exception of the parties. This made it a compulsory reference.

There is Error.