AIKEN v. CANTRELL.

(December 22, 1900.)

*New   Trial—Appeal—Remand—Interest—Computation—*
   *Usury—Mandate.*

> Where the Supreme Court can not tell from the case on appeal
> by what rule interest was calculated in an account, or
> whether the calculation was correct, the case will be re-
> manded for new trial.

CIVIL ACTION by Mrs. A. M. Aiken, administratrix of
L. O. Aiken against J. McD. Cantrell, heard by Judge *T. A.
McNeill,* on report of referee, at Spring Term, 1900, of
TRANSYLVANIA Superior Court. From judgment for de-
fendant, the plaintiff appealed.

*W. W. Zachary,* for the plaintiff.
No counsel for defendant.

FAIRCLOTH, C. J.   The defendant held plaintiff's intes-
tate's note, and plaintiff insists that the money actually paid
and the property purchased by defendant were in excess of
the true amount due on the note, and that question depends
on a correct calculation of interest.   The matter was re-
ferred, and the referee's report shows a detailed and item-
ized calculation of a dozen small credits, and the interest due
from one credit to another, and finally concludes that de-
fendant is due plaintiff $63.39.   At the hearing, his Honor
disregards the referee's calculation of interest and payments,
and makes and sets out his calculation of interest and pay-
ments in detail with much particularity.   He concludes that
defendant owes plaintiff nothing, and adjudges accordingly.
If the referee and the Judge intended to calculate interest on
the general rule, each one was mistaken as to the rule, in that

they allowed interest upon interest, when the interest due at the day of the payment was more than the payment. The rule was first laid down in this State in *Bunn v. Moore's Executors,* 2 N. C., 279, and has been ever since followed. *Overby v. Association,* 81. N. C., 61. If they intended to calculate on the particular rule laid down in *Bledsoe v. Nixon,* 69 N. C., 89, we are unable to see whether they worked according to that rule or not, as neither the note nor a copy is sent with the record to this Court. We therefore remand, and order a

New trial.