### C. L. HARRIS v. A. W. SHAFFER.

*Reference—Right to Jury Trial on Exceptions to Report.*

1. Where a reference is made at the instance of the plaintiff, and without objection by the defendant, it is a reference by consent.
2. It is doubtful whether the Court has power to allow parties to agree that a trial by jury may be had on exceptions to a referee's report, when the reference is by consent.
3. Where an order of reference contained the provision that either party might demand a jury trial upon exceptions to a referee's report, if entitled to a trial by jury at all, it must be demanded when the exceptions are filed.

Appeal by plaintiff from an order made at August Term, 1884, of WAKE Superior Court, by *Gudger, Judge,* refusing a trial by jury of exceptions to the report of a referee.

The facts are stated in the opinion.

*Messrs. Batchelor & Devereux,* for the plaintiff.
*Messrs. Gatling & Whitaker,* for the defendant.

MERRIMON, J. The pleadings raised issues of fact and law, and at August Term, 1878, the following order of reference was entered:

"Upon motion of plaintiff, it is ordered that this action be referred to A. W. Haywood, Esq., to hear and decide the issues raised by the pleadings herein, the referee to pass upon the fact and the law, and report to the Court the evidence and his findings both of law and fact, and the findings, to be subject to review by the Court. Either party may demand a jury trial, upon exceptions to the referee's report."

The question presented by the plaintiff's exception is whether or not he waived his right to a trial by jury, as reserved in that order.

It appears that the referee made his report at August Term, 1883, and leave was granted to the parties to file exceptions thereto. At February Term, 1884, the plaintiff filed sundry exceptions, but he did not then demand a jury trial, nor did he at the June Term of that year. At the August Term, the case was placed on the motion docket, and also upon the trial calendar for trial on a day designated in the term. On the call of the motion docket, the plaintiff demanded a trial by jury, not having done so at any previous time, or given any notice of his purpose to do so at that or any other term.

The order of reference was made by consent of the parties. It was entered on the motion of the plaintiff, and the defendant being present, and not objecting, the presumption was that he consented to it, and it must be so taken. The reference is singular in that, it provided for a trial by the referee, and in the event either party for any cause should not be satisfied with such trial, he might except and have a second trial by jury. Can this be done? Where the parties to an action agree upon one method of trial allowed by law, can they agree that if either party shall be dissatisfied with a trial thus had, a new trial shall be had at the instance of either party, by a different method? The law does not provide that parties may, as of right, have a trial of the issues of fact by two distinct methods in the same action. When parties adopt a method of trial, they ought to be bound

and concluded by it according to the course of procedure applicable to it.

If it be said this order was made with the sanction of the Court, then, the question arises, can the Court direct or assent to the trial of the issues of fact arising in an action by two distinct methods? Courts have no authority to temporize with the trial of actions; the essential course of procedure must be observed and upheld accordingly as it is established by law. No doubt the Court might, in a proper case, for cause, and with a view to the ends of justice, grant a new trial, and by a different method of trial, but this is very different from allowing the parties to stipulate in the order of reference to have two methods of trial in the discretion of either party.

But, without settling these questions definitely, we think the plaintiff waived his right to demand a trial by jury, as provided in the order of reference. The law requires prompt and orderly proceedings in every action—it does not encourage or allow unnecessary delay in the controversy; it requires just expedition. Nor does it allow undue advantage in any respect—the spirit of the law is absolute justice. When, therefore, the plaintiff reserved the right to except to the referee's report and demand a trial by jury, the law implied that he meant that this demand should be promptly made and notice thereof given on the record or otherwise at the time of filing the exception to the report, to the end, that the opposing party might prepare for such a trial. It is presumed that plaintiff filed his exceptions upon due consideration—he and his counsel understood his case and there was no necessity in contemplation of law for delay in deciding whether he waived, or would not demand a trial by jury. In the absence of express stipulation to that effect, the law did not contemplate that the plaintiff might wait until the case should be called for trial after the lapse of an indefinite period of time, and then demand a jury trial. The defendant could not be expected to be then prepared for such a trial—he had the right,

in the absence of notice to the contrary, to expect that the exceptions would be heard-and disposed of by the court in the ordinary way in such cases. It would have been manifestly unjust to require the defendant to proceed in a jury-trial without opportunity to prepare for such a trial. And if he had prepared for it, the plaintiff might have said, with propriety, that he had not demanded and did not then demand a jury trial, and the defendant must pay the needless expense of such preparation.

It cannot be contended that, in the order of proceedings, it was intended that the order should stand open until the action should be called for trial, for the plaintiff to demand a jury trial, and then give the defendant time to prepare for it; the law does not allow such causeless delay. Nor can it be contended with the slightest show of reason, that it was expected that the plaintiff would signify, in filing his exceptions, that he would not demand a trial by jury.

The judgment must be affirmed. Let this opinion be certified to the Superior Court according to law.

Affirmed.