### T. E. YELVERTON v. DEMAS COLEY.

*Reference—Exceptions—Trial by Jury*

Either party to a compulsory reference has a constitutional right to have any issue of fact, which was or ought to have been passed upon by the referee, submitted to a trial by jury; but to avail himself of this right he should, by exceptions made in apt time, distinctly designate the controverted facts that he demands shall thus be determined.

CIVIL ACTION, tried before *Shipp, J.,* at April Term, 1888, of the Superior Court of WAYNE County.

The action was brought for the possession of personal property, to January Term, 1888, of the Superior Court of Wayne. At March Term, following upon a suggestion of the plaintiff and admission of the defendant, that its trial would require the examination of a long account, the Judge presiding, against the opposition of the defendant, made a compulsory reference for the trial thereof, to a referee under *The Code.* At April Term, 1888, the referee having filed his report, the plaintiff moved for judgment confirming the same. The defendant opposed the motion of the plaintiff, and made to the Court the following written motion and exceptions:

"The defendant excepts to all the findings of the referee on the issues of fact arising on the pleadings in this action,

except that whereby it is found that the defendant is entitled to the possession of the horse, colt, cotton planters and plows mentioned in the pleadings and report of the referee. And as to all the other issues of fact the defendant hereby respectfully demands that the same may be tried by a jury." This was signed by counsel for defendant. His Honor refused to grant the motion of the defendant, unless he would specify the particular item or items of the account accompanying the report objected to by the defendant, or state what issues he wanted to submit to the jury arising on the exceptions. The defendant declined to modify his motion, and insisted upon the alleged right to have the issues of fact arising on the pleadings submitted to a jury. His Honor thereupon rendered judgment confirming the report. Defendant excepted to that part of the judgment which adjudged that the plaintiff recover of the defendant the corn, fodder, cotton and cotton seed specified in this action, and the costs of this action, and appealed therefrom.

*Mr. W. R. Allen,* for plaintiff.
No counsel for defendant.

DAVIS, J., (after stating the case.) It was admitted that the examination of a long account would be required in the trial of the action, and it was within the power of the Court, under § 421, subsec. 1 of *The Code,* to order a compulsory reference, but this compulsory reference could not deprive either party of his constitutional right to have the issues of fact arising on the pleadings tried by a jury, unless waived ; and a construction has been put upon section 421 which makes it harmonize with the constitutional right of trial by jury, by declaring that, although a compulsory reference may be ordered, yet when the report of the referee is made, and the material issues are eliminated by the exceptions thereto, " the issues of fact thus joined by the pleadings, report and

exceptions, shall be submitted to the jury if demanded in apt time." *Atkinson* v. *Whitehead*, 77 N. C., 418, and the cases there cited.

The purpose of the reference is to facilitate the trial, and any exception to a finding of fact by the referee presents an issue which either party under a compulsory reference has a right to have passed upon by a jury. *Currie* v. *McNeill*, 83 N. C., 176, and cases cited.

If this were not so, the tedious delay and confusion attending the investigation and examination of a long account by a jury, which it was the purpose of the reference to avoid, would be as great after the reference as before, thus rendering the reference a mockery.

Either party to a compulsory reference has a right, by definite and specific exceptions, to have any issue of fact passed upon by the jury, but these exceptions must be definite, and present distinctly each finding of fact by the referee to which exception is taken, and they must be confined to such controverted facts as were passed upon or required to be passed upon by the referee.

In this way every constitutional right of trial by jury is secured in perfect harmony with the provision in section 421 of *The Code*. *Overby* v. *Fayetteville B. & L. Association*, 81 N. C., 56; *Carr* v. *Askew*, 94 N. C., 194.

Affirmed.