KEYSTONE DRILLER COMPANY v. W. E. WORTH et al.

*Right   to   Trial   by   Jury—Reference—Exceptions   to Referee's   Report—Practice.*

1. A party cannot be deprived of the right to a trial by jury except by his own consent.

2. The right to a jury trial may be waived by failure of a party to appear, or by the written agreement of himself or his attorney, or by oral consent entered on the minutes of the court, or by submission to a reference.

3. Where an action is once referred the order of reference cannot be annulled except by the consent of all parties.

4. Failure to object to an order of reference at the time it is made, is a waiver of the right to a trial by jury.

5. Although a party has his objection to a compulsory reference entered in apt time, he may waive his right to a trial by jury by failing to assert it definitely and specifically in each exception to the referee's report.

6. Where there was a compulsory reference objected to by defendant, and the referee filed 14 findings of fact, some of which related to questions not in issue under the pleadings and defendant filed exceptions to the findings, a demand at the end of his exceptions for a jury trial on all the issues raised thereby was too general to entitle him to such a trial.

This was a CIVIL ACTION which came on for trial before *Robinson, Judge,* at June Term, 1895, of MECKLENBURG Superior Court, upon exceptions to the report of a referee. The case had come on for trial before *McIver, Judge,* and a jury, at Fall Term, 1893, when neither party having tendered issues the court undertook to make up the issues during the trial. A jury was empanneled and a part of the testimony taken, when the court, without taking up the issue, found from the pleadings and the evidence introduced that the examination of a long account was necessary and required for the trial of the issues involved, and,

of his own motion, ordered that the case be compulsorily referred to George F. Bason, to try the issues of fact and law joined between the parties.

To this order of *Judge McIver* the defendant excepted on the ground that the court did not have the power to make an order of reference in this case, and demanded a trial by jury, without tendering any issues for such a trial.

The referee filed his report at Fall Term, 1894, finding all the issues of fact and of law in favor of the plaintiff. To this report the defendants filed their exceptions at December Term, 1894, but did not at that time make up and tender any formal issues raised by the pleadings, nor did the defendants demand a trial by jury of any issues in the case except that at the end of their list of exceptions they demanded "a jury trial of these exceptions in case the court should hold to the opinion that the reference was ·properly made."

When the case came on for trial upon the referee's report, at June Term, 1895, his Honor made the following order :

" This cause coming on to be heard, at this Term of the court, upon the report of the referee, the defendants tendered the issues numbered 1 to 11 inclusive, contained in the paper writing hereto annexed, marked 'A,' and also insisted that issues be submitted on each of their exceptions numbered 2 to 15, both inclusive, but no formal issues were tendered except as stated in said paper writing marked ·A'. The plaintiff thereupon moved to confirm the report of the referee and contended that the issues tendered by the defendants were not the proper ones to be submitted to the jury and that the only issues proper to be submitted to the jury are the issues raised by the pleadings which are designated by the exceptions. The court holds and adjudges that the defendants are entitled to an issue upon

DRILLER COMPANY v. WORTH.

every fact found by the referee to which they have taken exceptions and hereby orders that the issues tendered by the defendants be submitted to the jury at the next term of this court, this not being a term for the trial of jury cases.

To this ruling the plaintiff excepted. The court over-ruled the motion of the plaintiff to confirm the report of the referee and also refused to consider and pass upon the exceptions to the referee's report, except for the purpose of submitting issues to the jury. To both of these rulings the plaintiff excepted and appealed, assigning as error said exceptions being numbered from 2 to 15 both inclusive.

. " 1. That the court erred in refusing to consider and pass upon the exceptions to the referee's report.

" 2. That the court erred in overruling the plaintiff's motion to confirm the referee's report.

" 3. That the court erred in holding that the defendants were entitled to an issue upon every fact found by the referee to which they have taken exception.

" 4. That the court erred in not holding that the only issues to which defendants were entitled are those raised by the pleadings, which are designated by the exceptions.

" 5. That the court erred in ordering that the formal issues tendered by the defendants and numbered 1 to 11 inclusive, be submitted to a jury. "

*Messrs. Burwell, Walker & Cansler, Geo. E. Wilson,* and *H. W. Harris,* for plaintiff (appellant).

*Messrs. Jones & Tillett* and *Clarkson & Duls,* for defendant.

AVERY, J.: The Constitution of North Carolina (Article 1, Section 19) guarantees to every person the right which is declared "sacred and inviolable," to demand a trial by jury of the issues of fact arising "in all controversies at

law respecting property," and he cannot be deprived of this right except by his own consent. *Andrews* v. *Pritchett,* 66 N. C., 387 ; *Armfield* v. *Brown,* 70 N. C., 27.

It is provided also in the Constitution (Article IV, Section 13) that "in all issues of fact joined in any court the parties may waive the right to have the same determined by a jury." It being left to the Legislature to determine in what manner a party to an action should manifest his willingness to waive his Constitutional right and submit all issues of fact as well as of law to the Judge instead of the jury, it is provided by statute (*Code,* Section 416) that his failure to appear should be construed as equivalent to his express consent to a different mode of trial, and that his actual assent might be given either by the written agreement of himself or his attorney, or by oral consent entered in the minutes of the court. The effect of this submission of the whole controversy to the Judge is to invest him with the additional capacity of a juror, in which he hears the evidence subject to the right of the parties to have him, in his other capacity of Judge, pass upon its competency when offered. *Puffer* v. *Baker,* 104 N. C., 148. Another method provided by statute (*Code,* Section 420) of substituting by agreement of parties a different mode of trying issues of fact raised by the pleadings from that which either has the right to demand, is submission to referees. When the consent of the parties is once given to the substitution of a referee for the jury, the order of reference cannot be annulled and the right of trial by jury reinstated, except by the same authority which authorized its entry upon the minutes—the concurrent consent of all of the parties. *Smith* v. *Hicks,* 108 N. C., 251 ; *Perry* v. *Tupper,* 77 N. C., 413. The referee once appointed is like the Judge, when there is waiver of jury trial, invested with the powers of both judge and jury, but

with the difference that the authority is conferred upon
the referee not for a particular term or limited time, but
until the final hearing of the cause.   The difficulty of
examining or taking long and often complicated accounts
in the progress of a trial, so as to enable the jury to reach
a satisfactory conclusion in reference to the bearing of
such evidence upon their verdicts, rendered it necessary
also to confer upon the trial Judge by statute (*Code*, Section
421) the power to order a compulsory reference for the
purpose of making calculations and presenting results
instead of *data* which could not be readily made available
by a jury.   The preliminary question, whether a party is
entitled to a decree, as it was called under the former
practice, *quod computet*, must be settled by the court and
when once determined without exception can never be
raised again.   *Barrett* v. *Henry*, 85 N. C., 321.   In
*Kluttz* v. *McKenzie*, 65 N. C., 102, Chief Justice PEARSON
delivering the opinion of the Court, it was held without
adverting to the application of the constitutional guaran-
tee, as well to controversies which under the former prac-
tice would have been suits in equity as those that would
have been actions at law, that a party had no right to
demand a trial by jury of an issue involving a complicated
account.   But the Court subsequently called attention to
the inadvertence and declared the ruling modified (*Arm-
field* v. *Brown, supra*; *Lippard* v. *Roseman*, 70 N. C., 34,
and *Lippard* v. *Roseman* 72 N. C., 427) so as to concede
the right, if not barred by failure to demand it in apt time.
The correctness of the ruling in the case at bar depends
upon the questions when and how a constitutional right
may be waived.

"Where a constitutional provision is designed for the
protection solely of the property rights of the citizen, it is
competent for him to waive the protection and consent to

such action as would be invalid if taken against his will."
Cooley Const. Lim. (6th Ed. by Angell) 214.   Not only
has the Legislature declared how a party may waive the
benefit of the provision of the Constitution in reference to
trial by jury, but the courts have from time to time declared
that the waiver may be made by conduct inconsistent with
the intent to insist upon it.   Where a party omits at an
opportune moment to declare his purpose to claim the con-
stitutional protection and thereby so misleads his adver-
sary as that to insist upon it at a later stage of the pro-
ceeding would place the opposing party at a disadvantage
by delaying the adjudication of his rights, it is competent
for the courts to so far restrict and regulate the rights as
to prevent needless or wanton infringements upon the rights
of others.   Therefore, though it .is error to order a ·com-
pulsory reference until a trial is first had and a finding
adverse to the pleader returned upon an issue raised by a
plea in bar, the failure to object when the order is made
is deemed a waiver of the right.   Silence under such cir-
cumstances is inconsistent with the purpose to insist upon
the settlement of an issue decisive of the whole controversy
by any other tribunal than the referee, and to allow a
party to do so would be to give him the chance of prevail-
ing by a second mode of trial after his adversary had been
induced by his silence to incur costs, often very heavy, in
meeting him in another forum, to which he had not
objected.   *Clements* v. *Rogers*, 95 N. C., 248; *Grant* v.
*Hughes*, 96 N. C., 177.   For a like reason, where a party
promptly insists upon reserving his right and causes his
objection to be entered of record, when the compulsory
order of reference is made, he may still waive by failing
to assert it in his exceptions to the referee's report. *Harris*
v. *Shaffer*, 92 N. C., 30; *Yelverton* v. *Coley*, 101 N. C.,
248.   The law implies that the party objecting will give

DRILLER COMPANY v. WORTH.

timely notice of the specific points, upon which he elects to demand a trial by jury instead of submitting to the findings of the referee, in order that the opposing party may know how to prepare to meet him by summoning the material witnesses if necessary. Any other ruling would authorize the perversion of a provision of the organic law to the purpose of subjecting others to delay and needless expense. It is the duty of the courts, on demand properly made, to enforce a constitutional guarantee of right, but not in such a manner and to such an extent as to unnecessarily inflict injury on others. The courts must often declare, when there are conflicting rights contended for, when and how it is reasonable for one to demand the protection of a provision even of the organic law. The problems which have confronted the courts at every stage in the development of the common law have grown out of the application of the golden rule of that system, that one must so use his own property as not to injure another. We have here the application of the rule to one's birthright to the specific protection promised him by the Constitution. The application of this doctrine of the waiver of constitutional rights by this court is not confined to cases of this kind. The principle has been held to be an all pervading one. *Railroad* v. *Parker*, 105 N. C., 246; *Spencer* v. *Credle*, 102 N. C., 68; Cooley, *supra*. We think that the court erred in holding that the defendants were entitled to a jury trial upon any exception which did not embody a definite and specific demand for a trial by jury upon that particular exception. It was error also to hold if such specific demand had been made that the right extended further than the issues "raised by the pleadings." *Yelverton* v. *Cooley*, *supra*. The referee submitted findings of fact numbered from one to fourteen, some of which were decisive of issues raised by the pleadings, and some of which

related to questions of fact not raised. The demand, made at the end of the exceptions filed, was a general one, for a trial upon each and every issue raised, not by the pleadings but by the exceptions to the report, however immaterial. It was in utter disregard of the right of the plaintiff to such notice as would enable him to prepare his case for trial. We have held in *McKinnon* v. *Morrison*, 104 N. C., 354, that exceptions to a Judge's charge will not be considered on appeal unless they are specific. The provision of *The Code* upon which that rule was predicated had been previously declared to be "but a legislative expression of a pre-existing rule of practice" which was founded upon the reason that it was "conducive to fair trials" in part at least, because it enabled counsel to prepare for the argument of the case. *Bost* v. *Bost*, 87 N. C., 477. It is very important if not essential in the preparation for trial of the facts that a party should have some definite idea of the range of the proposed investigation. It is with a view to facilitate preparation and prevent surprise that only the issues raised by the pleadings are to be submitted, and that the statute provides for the tender of issues by counsel. This Court has under the Constitution the right to impose reasonable rules of practice in the Supreme Court and even the Legislature (it has been held) is powerless to invade its province in this respect. *Horton* v. *Green*, 104 N. C., 400. It is but a reasonable requirement that the demand for a jury trial should be deemed waived if not made by specific exception, and limited to the points upon which there has been a joinder in the pleadings, though this limit is fixed as to the manner of making the demand, not by virtue of any authority in this Court to prescribe rules of practice, but in order that both parties may be protected in the assertion of conflicting rights. By the enforcement of such a rule of practice the protection of

a constitutional right to trial by jury is made consistent with the other fundamental principle that every litigant is entitled to a fair trial, and to such definite notice of what is involved in the controversy as will enable him by diligence to avail himself of the means within his reach for the redress of wrong or the protection of right on his part. For the reasons given we conclude that there was error.

Error.