J. L. OGDEN et al. v. THE APPALACHIAN LAND AND LUMBER COMPANY et al.

(Filed 18 December, 1907).

**Compulsory Reference—Trial by Jury—Demand—Waiver.**

A party who may have reserved his right to a trial by jury by proper exceptions in apt time to a compulsory reference will be deemed to have abandoned this right by not pointing out, at the time when the exceptions were filed, the questions or issues upon his exceptions to the report of the referee, and by not presenting such issues as he deems necessary to present the controverted facts.

CIVIL ACTION, heard by *O. H. Allen, J.,* upon the report of the referee therein, at Spring (April) Term, 1907, of the Superior Court of CHEROKEE County.

Judgment for plaintiffs. Defendants appealed.

The facts sufficiently appear in the opinion.

*Merrimon & Merrimon, E. B. Norvell* and *Axley & Axley* for plaintiffs.

*Dillard & Bell* for defendants.

WALKER, J. This appeal embraces several creditors' bills, filed for the purpose of winding up the affairs of the defendant company. The actions were consolidated, by order of the court, and then referred to Mr. Dewees, Clerk of the Court, to find and state the facts and his conclusions of law. We have read that report with great care, and, in the light of the

evidence upon which the findings of fact and the conclusions of law are based, it has impressed us most favorably as having been prepared after a thorough and painstaking investigation of all the evidence, and as being the result of an intelligent and impartial consideration of the case. Its conciseness and yet its comprehensiveness are its prominent merits. The defendants, when the reference was ordered by *Judge Justice,* entered a general exception to the same, in the following words: "Defendants' counsel except to the above order of reference." We are of the opinion that this exception, while very general in its terms, is sufficient to save the right of the defendants to a trial by jury. What could an objection to an order of reference mean, unless it was a challenge of the power of the court to take away from the objector his right to a trial by jury? In *Driller Co. v. Worth,* 117 N. C., 515 (at p. 520), the leading case upon this subject, the Court says: "Where a party omits at an opportune moment to declare his purpose to claim his constitutional protection, and thereby so misleads his adversary as that to insist upon it at a later stage of the proceeding would place the opposing party at a disadvantage by delaying the adjudication of his rights, it is competent for the courts to so far restrict and regulate the right as to prevent needless or wanton infringement upon the rights of others. Therefore, though it is error to order a compulsory reference until a trial is first had and a finding adverse to the pleader returned upon an issue raised by a plea in bar, the failure to object when the order is made is deemed a waiver of the right. Silence, under such circumstances, is inconsistent with the purpose to insist upon the settlement of an issue decisive of the whole controversy by any other tribunal than the referee, and to allow a party to do so would be to give him the chance of prevailing by a second mode of trial, after his adversary had been induced by his silence to incur costs, often very heavy, in meeting him in another forum, to which he had not objected. *Clements v. Rogers,* 95 N. C.,

248; *Grant v. Hughes,* 96 N. C., 177." And again, and for the purpose of showing how the right to a jury trial, once reserved by a mere exception to the order of reference, may be lost, the Court proceeds to decide how it must be preserved, as follows: "For a like reason, where a party promptly insists upon reserving his right, and causes his objection to be entered of record, when the compulsory order of reference is made he may still waive by failing to assert it in his exceptions to the referee's report. *Harris v. Shaffer,* 92 N. C., 30; *Yelverton v. Coley,* 101 N. C., 248. The law implies that the party objecting will give timely notice of the specific points upon which he elects to demand a trial by jury instead of submitting to the findings of the referee, in order that the opposing party may know how to prepare to meet him, by summoning the material witnesses, if necessary. Any other ruling would authorize the perversion of a provision of the organic law to the purpose of subjecting others to delay and needless expense. It is the duty of the courts, on demand properly made, to enforce a constitutional guarantee of right, but not in such a manner and to such an extent as to unnecessarily inflict injury on others."

In this case there are thirty-one exceptions to the referee's report, and, as each exception was made, the defendants merely stated that, "as to the matters and issues embraced in said finding, they and each of them demand a jury trial." The defendants do not specify the particular fact controverted upon which they think an issue should be submitted to the jury, nor do they formally tender an issue upon each finding of fact against them to which they excepted. A party is entitled to the right of trial by jury, under the Constitution, but he may waive his right if he chooses so to do; and this may be done, not only by express agreement, entered of record, as required by the statute, but by such conduct on his part as indicates that he does not intend to avail himself of it, and as is inconsistent with his right to assert it. We are not quite

sure if the better practice would not be for a party excepting to a reference to expressly reserve his right of trial by jury. But we will not decide this now to be essential to the preservation of his right, as it is not necessary to do so, for, if the defendants formally asserted their right to have the issues thus tried, they clearly waived it afterwards by not pointing out the questions or issues of fact they raised by the exceptions, and presenting such issues as they deemed necessary to cover all of the controverted facts. The law provides that the issues arising upon the pleadings, material to be tried, shall be made up by the attorneys appearing in the action, and reduced to writing, or by the Judge presiding, upon or during the trial. The attorney must take the initiative; and when issues have thus been framed, they are, of course, subject to revision by the Judge and subject also, afterwards, to exception by the party who may allege that he is aggrieved by the ruling. In *Yelverton v. Coley,* 101 N. C., at p. 249, the Court says: "The issues of fact thus joined by the pleadings, report and exceptions shall be submitted if demanded in apt time." And, at p. 230, that "the exceptions must be definite and present distinctly each finding of fact by the referee to which exception is taken." This is a safe and sound rule, and, moreover, can be easily complied with. Apt time means sufficient time to enable the parties to prepare for the trial, and, in cases like this one, it is the time at which the exceptions are filed. We think this was contemplated by the Court in *Driller Co. v. Worth* and the cases which have followed it: *Yelverton v. Coley, supra; Wilson v. Featherstone,* 120 N. C., 446, and *Roughton v. Sawyer,* 144 N. C., 766. The easiest and most practical way of stating the particular controverted fact which the party desires to have submitted to a jury is by formulating an issue upon each exception, embodying the fact itself. His Honor was right in his ruling upon the demand of the defendants, and we think that in other respects there was no error in the ruling and judgment of the court. In-

deed, the point we have decided was the one upon which Mr. Bell laid all the stress of his very able argument.

No Error.