THE LEXINGTON MIRROR COMPANY v. THE PHILADELPHIA CASUALTY COMPANY.

(Filed 10 November, 1910.)

1. **Reference—Findings—Evidence.**

    If affirmed by the judge, the referee's findings are conclusive when there is any evidence tending to support them.

2. **Reference—Jury Trial—Objections and Exceptions—Waiver.**

    A mere exception to an order of reference is not sufficient to entitle the party excepting to a trial by jury upon an adverse finding of fact by the referee, and this right is waived by his not demanding the jury trial in his exceptions to the report.

APPEAL by defendant from *W. J. Adams, J.,* at the August Term, 1910, of DAVIDSON. ·

*E. E. Raper* and *McRary & McRary* for plaintiff.
*Walser & Walser* and *Max L. Arnstein* for defendant.

PER CURIAM. This is an action upon a policy of credit indemnity insurance, by which defendant agreed to indemnify plaintiff against losses on sales to its customers from 25 February, 1908, to 3 August, 1909, and on accounts against solvent customers on its books, 25 February, 1908, for goods shipped since 3 April, 1907. Plaintiff seeks to recover $3,690.04 for losses on two accounts, which it claims are covered by the indemnity clause of the policy. The case was referred and the defendant excepted and demanded a jury trial.

The referee reported in favor of the plaintiff except as to an account for $548.85, which he found was "outstanding on the books" 25 February, 1908, and was for goods shipped since 3 April, 1907, but was not solvent on 25 February, 1908.   Plaintiff excepted to this finding and the court, upon what we deem to be competent and sufficient evidence, sustained the exception and modified the report accordingly.

The referee's findings of fact, when there is any evidence tending to support them, if affirmed by the judge, are conclusive on appeal.  *Frey v. Lumber Co.,* 144 N. C., 759; *Henderson v. McLain,* 146 N. C., 329.   We cannot, therefore, sustain the exceptions taken to such findings.

The defendant waived its right to a trial by jury by not demanding it when it filed exceptions to the report of the referee. It did not comply at all with the rule established by this Court in such cases.   *Harris v. Shafer,* 92 N. C., 30; *Yelverton v. Coley,* 101 N. C., 248; *Driller Co. v. Worth,* 117 N. C., 515; *Wilson v. Featherstone,* 120 N. C., 446; *Roughton v. Sawyer,* 144 N. C., 766; *Ogden v. Land Co.,* 146 N. C., 443.   There was a clear abdication of the right in this case, as the record shows. A mere exception to the order of reference is not sufficient, as we have often decided.

We have carefully examined the other exceptions and failed to discover any reversible error in the rulings of the court.