### THE TEXAS COMPANY v. CHARLES W. PHILLIPS.

(Filed 11 April, 1934.)

**1. Reference A a—**

Where defendant sets up no plea in bar, and the pleadings indicate the necessity of examining a long account between the parties, defendant's exception to an order for compulsory reference will not be sustained. N. C. Code, 573(1).

**2. Reference D b—**

Where a party excepts to an order of reference, and files exceptions to the report of the referee, and tenders issues thereon, but fails to demand a jury trial thereon in apt time as required by statute, he waives his right to trial by jury.

APPEAL by defendant from *Harding, J.,* at August Term, 1934, of CABARRUS. Affirmed.

This is an action brought by plaintiff to recover from the defendant, $290.75. Allegations of the complaint, in part, are as follows: "(2) That the defendant was employed by the plaintiff, as its agent, to sell and deliver gasoline and other products of the Texas Company and to collect for and remit same. (3) That the defendant, as such agent, received and collected, or was otherwise possessed of divers sums of money from divers persons, within three years from the date of the summons in this action, and after deducting all credits due the defendant, there still remains due and owing to the plaintiff from said defendant, the sum of $290.75."

The answer of defendant, in part, is as follows: "(2) That defendant was employed by the plaintiff as its salesman, to sell and deliver gasoline and other products of the Texas Company and collect for same, and to report and turn over the amount collected by him to the plaintiff's Concord agent, which he did; except as herein admitted, the allegations of paragraph 2 of plaintiff's complaint are expressly denied. (3) That it

was the duty of defendant, when a sale was made, to make out an order or memorandum thereof in duplicate and to deliver one copy thereof to the customer and to turn one copy over to plaintiff's Concord agent, which he did; except as herein admitted, the allegations of paragraph 3 of plaintiff's complaint are expressly denied." The defendant set up no plea in bar.

The defendant denied the indebtedness and set up a counterclaim of $120.00. An order of reference by Judge Clement, at the August Term, 1930, is as follows: "This action having been called and it appearing to the court that the trial of the issues of fact requires the examination of a long account: It is, therefore, ordered that a compulsory reference be had and that W. H. Beckerdite be, and he is hereby appointed referee to hear and determine the issues both of law and fact in this cause and report his findings to this court. To the above order both plaintiff and defendant except.            J. H. Clement."

The report of the referee is as follows: "To the Superior Court of Cabarrus County: The undersigned having been appointed as a referee to hear this cause and report his findings of fact and law, files the following report: The cause was heard and a transcript of evidence, together with exhibits filed and introduced as evidence, is herewith transmitted, and from the evidence I find the following facts: (1) The defendant was appointed as agent for the plaintiff and in accordance with his duties as such agent, delivered merchandise to various customers, and collected for such deliveries of merchandise. (2) That the defendant delivered the merchandise represented by the tickets introduced in evidence and I find as a fact that the defendant failed to pay over and account for a sum in excess of $290.75, which said sum was collected for merchandise delivered as agent for the plaintiff. (3) That the defendant subscribed for certain stock and paid from time to time to plaintiff to apply on said stock subscription the total sum of $120.00; that said stock was not delivered to defendant by plaintiff. (4) That by reason of his failure to account for collections for merchandise, and after applying as a set-off, the sum paid on his stock subscription, defendant is indebted to plaintiff in the sum of $170.75. Conclusions of law: From the foregoing findings of fact, I conclude and find that the plaintiff is entitled to judgment against the defendant in the sum of $170.75, and costs of this action. Respectfully submitted, this 4 August, 1933.            W. H. Beckerdite, *Referee.*

Filed 4 August, 1933."

To the report of the referee, the defendant filed exceptions and tendered two issues, but nowhere does it appear in the record, that he demanded a jury trial upon the issues tendered. The judgment of the

court below is as follows: "This cause coming on to be heard, counsel for plaintiff and counsel for defendant being present in open court, counsel for plaintiff moves the court for judgment confirming the report of the referee. Counsel for the defendant *ore tenus* made demand for a jury trial on the issues set out in exceptions of the defendant to the report of the referee. Upon inspection of the report of the referee and the exceptions filed by the defendant to the report of the referee and the order appointing the referee and exceptions made to such appointment, the court is of opinion that the defendant has waived his right to trial by a jury, for that no demand for trial by jury has been made in apt time as required by statute and the opinions of the Supreme Court construing such statute, and the defendant excepts to the order of the court holding that the defendant has waived his right to have a jury trial and appeals to the Supreme Court."

The exceptions and assignments of error made by defendant are as follows: "Defendant assigns as an error the ruling and order of Judge Clement wherein he orders a reference of the case over defendant's objection. Defendant assigns as an error the ruling and order of Judge Harding wherein he holds that the defendant has waived his right to have a jury trial on the issues submitted and tendered with his exceptions to the report of the referee."

*Hartsell & Hartsell for plaintiff.*
*H. S. Williams for defendant.*

CLARKSON, J. We do not think that either one of the exceptions and assignments of error made by defendant can be sustained. As to the first: N. C. Code, 1931 (Michie), sec. 573(1), is as follows: "Where the parties do not consent, the court may, upon the application of either, or of its own motion, direct a reference in the following cases: (1) Where the trial of an issue of fact requires the examination of a long account on either side; in which case the referee may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein."

The pleading of plaintiff and the answer of the defendant, indicated "the examination of a long account on either side." The defendant set up no plea in bar. *Lumber Co. v. Pemberton,* 188 N. C., 532. In *Bank v. Evans,* 191 N. C., 535 (539), is the following: "It is generally agreed that the civil issue dockets of the State are greatly congested by reason of the overwhelming increase in business incident to the progress and expansion of commercial and industrial activities, and for this reason, it is perhaps, not amiss to be reminded of the practical wisdom contained in an utterance by *Faircloth, C. J.,* in *Jones v. Bea-*

*man,* 117 N. C., 259: 'Our statutes relating to trials by referees serve a useful purpose, and must be liberally construed. They aid and simplify the work which would otherwise fall upon the court and jury, and often expedite the litigation and save the parties from trouble and expensive trials, and are a saving in time to witnesses and attorneys.' " *Driller Co. v. Worth,* 117 N. C., 515; *Alley v. Rogers,* 170 N. C., 538; *Baker v. Edwards,* 176 N. C., 229; *Bank v. McCormick,* 192 N. C., 42; *Booker v. Highlands,* 198 N. C., 282; *Mfg. Co. v. Horn,* 203 N. C., 732.

As to the second: The defendant did not demand a jury trial upon the issues tendered, by not doing so, it is well settled that a trial by jury is waived. In *Cotton Mills v. Maslin,* 200 N. C., 328 (329), it is held: "A party who would preserve his right to a jury trial in a compulsory reference must object to the order of reference at the time it is made, and on the coming in of the report of the referee, if it be adverse, he should seasonably file exceptions to particular findings of fact made by the referee, tender appropriate issues based on the facts pointed out in the exceptions and raised by the pleadings, and demand a jury trial on each of the issues thus tendered. *Wilson v. Featherstone,* 120 N. C., 446, 27 S. E., 124; *Yelverton v. Coley,* 101 N. C., 248, 7 S. E., 672. This was not done in the instant case. Although a party may duly enter his objection to the order of reference, he may yet waive his right to a jury trial by failing to assert such right definitely and specifically in each exception to the referee's report and by his failing to tender the proper issues. *Alley v. Rogers,* 170 N. C., 538."

It may be noted that the testimony taken before the referee is not in the record, C. S., 577. For the reasons given, the judgment of the court below must be

Affirmed.