The plaintiff, at October Term, 1932, obtained a judgment against R. H. McLawhorn, executor of the estate of Ira J. Frizelle, for the sum of $3,316.25 and interest from 28 April, 1931, and costs, which is unpaid. It is alleged in the complaint that the personal property of the estate had been exhausted and that demand has been made and refused by the executor to sell certain real estate to make assets to pay the debts, a guardian adlitem be appointed to represent the interest of certain minors, children of Ira J. Frizelle. That the sale be made of a tract of land containing 151.74 acres, known as the "Home Place." That the said Frizelle died leaving a last will and testament in which said tract of land was devised in trust of the defendant J. F. J. McLawhorn, for the use and benefit of the three infant defendant, as set out in Item 2 of the last will and testament of Ira J. Frizelle.
The defendant R. H. McLawhorn, executor, admits the judgment rendered and alleges that the personal estate has been exhausted. "That the defendant knows of no way of satisfy said judgment except by sale of real estate." Defendant J. F. J. McLawhorn, trustee, individually and as guardian ad litem of the infant defendants and heirs at law of Ira J. Frizelle, answers and says, "That as these defendants are advised and believe, the said executor should have, out of the assets which have come into his hands from the estate of his testator, a sufficient amount of cash to pay the claim of the plaintiff in full," etc. In further answer these defendants set up a cross action and affirmative defense to "surcharge and falsify" the executor's account, setting forth same with particularity. That upon proper accounting there will be in the executor's hands approximately $6,569.07, considerably more than enough to satisfy the claim of plaintiff and prays: "(1) That no order of sale for said lands be entered until the executor, in this proceeding, has come to a true accounting with the estate of his testator and has accounted both for the assets which upon a proper administration of said estate ought now to be in his hands. (2) That the executor be required to account in this action for the assets which have come into his hands and which ought now to come into his hands. (3) That the executor be required to satisfy plaintiff's claim out of the personal assets as an accounting will disclose the estate to his testator to be entitled to have. (4) For such other and further relief as may be necessary and proper and the nature of the same demands."
The executor, R. H. McLawhorn, in his reply denies the material allegations of the cross action and that the relief demanded by his codefendants be denied and he go without day and recover his costs.
The clerk of the Superior Court made an order transferring the cause to the civil issue docket for trial, reciting in the order, "In this *Page 400 
cause answer having been filed raising issues of fact which should be heard by a jury."
At March Term, 1934, Daniels, J., made an order appointing Jack Edwards, Esq., referee, "for findings of fact and conclusions of law thereon." C. S., 573. The following appears in the order: "The reference herein ordered is a compulsory reference, and all parties hereto except and demand a jury trial."
In the hearing before the referee is the following:
"After reading of the pleadings the defendant R. H. McLawhorn, executor, entered a special appearance and moved to dismiss the purported cause of action of J. F. J. McLawhorn, trustee, and individually, and the children of J. F. J. McLawhorn, first, for in that the answer and cross action of said defendants does not state a cause of action as against this defendant, executor; second, for that there is a misjoinder of action; third, for that the purported cross action is improperly brought or set out in this proceeding; and fourth, for that under the last will and testament of the late Ira. J. Frizelle the defendants, J. F. J. McLawhorn and others named, and precluded or estopped from setting up said cross action. Overruled. Exception."
The referee made his report setting forth fully the findings of fact and conclusions of law thereon. All the attorneys for the litigants were present at the hearing. Nannie Frizelle, who although summoned, failed to answer.
The plaintiff made certain exceptions to the report of the referee as to the findings of facts and conclusions of law, setting them out in detail, and set forth: "Upon the foregoing exceptions and objections the plaintiff tenders the following issues and demands a jury trial thereon in the manner provided by law. Issues submitted as follows:
"1. Has the personal estate of Ira J. Frizelle, deceased, been exhausted by R. H. McLawhorn, executor, as alleged in the complaint? Answer: .............
"2. If not, does R. H. McLawhorn, executor, have in hand sufficient personal estate of Ira J. Frizelle to pay and satisfy the judgment of plaintiff in the amount of $3,316.25, with interest thereon from 28 April, 1931? Answer: .............
"3. In what amount, if any, is the defendant R. H. McLawhorn, executor, indebted to the estate of Ira. J. Frizelle by reason of the mismanagement of and sale of personal property as alleged in the answer of J. F. J. McLawhorn and other? Answer: .............
"4. Did W. H. Woolard, R. H. McLawhorn, and the Atlantic Christian College wrongfully conspire, collude, and agree that the said R. H. McLawhorn should acquire the Tuten farm from the Atlantic Christian College upon payment to it of its legacy of $2,500, and thereby procure *Page 401 
the foreclosure sale by the said W. H. Woolard, trustee, at less than its actual value at the time of sale as alleged in the answer of J. F. J. McLawhorn and others? Answer: .............
"5. If so, what was the reasonable market value of the Term farm on 27 April, 1931? Answer: .............
"The plaintiff, Harry S. Gurganus, tenders and files the foregoing exceptions and issues arising thereon. This 30 March, 1927."
The defendant R. H. McLawhorn, executor, made certain exceptions to the report of the referee as to the findings of fact and conclusions of law, setting them out in detail. The first as follows: "Exceptions of R. H. McLawhorn, executor, to the report of Jack Edwards, referee. In the above entitled action the defendant R. H. McLawhorn, executor, excepts to the report of Jack Edwards, Esq., referee, which has been filed in this cause, and herewith files the following specific exceptions thereto: (1) To Finding of Fact No. 7 on page 2 of the report, as follows: `The personal property belonging to said estate was sold at public auction on 9 May, 1931, by said executor and purchased by said executor, R. H. McLawhorn, through his brother, Dennis McLawhorn, the same being delivered by Dennis McLawhorn to said executor and kept by him on the premises of lands known as the Tuten farm, which farm thereafter came into possession of said executor. Said personal property sale was held on the premises of said Tuten farm. After the purchase of the said personal property by the executor same has thereafter been in his possession on said Tuten farm.' For that there is no evidence in the record to support such finding — in fact, it is contrary to all evidence offered. The evidence of D. T. or Dennis McLawhorn, appearing on pages 60-40 of the report, is contrary to said finding, as well as the evidence of R. H. McLawhorn, executor, appearing on page 83." The other exceptions to the findings of fact are of a similar nature.
The defendant R. H. McLawhorn further set forth: "Should the court deny or overrule the motions to dismiss made by this answering defendant, executor, and thus reverse the referee, said executor reserves all rights thereunder and all rights under the exceptions to both findings of fact and conclusions of law, and tenders the following issues, demanding a jury trial thereon, as required by law:
(1) Has the personal estate of Ira J. Frizelle, deceased, been exhausted by R. H. McLawhorn, executor, as alleged in the petition? Answer: .............
(2) Did the personal property being a fair and reasonable price at the sale held by R. H. McLawhorn, executor? Answer: .............
(3) Was the sale of the Tuten farm by W. H. Woolard, trustee, valid? Answer: ............. *Page 402 
Motion to overrule exceptions of R. H. McLawhorn, executor, to report of referee to confirm the report, and exceptions to issues tendered by the plaintiff and issues tendered in lieu thereof. The defendant J. E. J. McLawhorn, trustee, and others, . . . reserving their right to a trial by jury upon the report of Honorable Jack Edwards, referee, and upon the exceptions to said report filed by R. H. McLawhorn, executor, move the court to overrule the exceptions of the plaintiff and to confirm said report; and further move the court, reserving their rights to a trial by jury as aforesaid upon the overruling of the exceptions of the said R. H. McLawhorn, executor, to deny a trial by jury to R. H. McLawhorn, executor, for that R. H. McLawhorn has failed to preserve his right to a trial by jury; for that he has failed to tender issues upon his exceptions in accordance with the practice and procedure in case of compulsory reference; for that R. H. McLawhorn has failed to assert his right to a trial by jury definitely and specifically in each exception to the referee's report, and his demand for a jury comes too late at the end of his exceptions, and for that the respective issues should have appeared under the respective exceptions, and for that said issues are not pertinent to the facts found by the referee and raised by the pleadings.
The moving defendants, still reserving their right to a trial by jury in the event the court shall refuse to overrule the exceptions of R. H. McLawhorn, executor, and shall hold that R. H. McLawhorn, executor, is entitled to trial by jury upon said report, and reserving their exceptions to such holding, if any, the defendants now except to the issues tendered by R. H. McLawhorn, executor, as set forth in his exceptions to the report of the referee, and in lieu thereof tender the following issues upon said exceptions:
1. Upon the first exception to Finding of Fact No. 7 the moving defendants tender this issue: (1) What was the reasonable market value of the personal property of the late Ira. J. Frizelle at the time of the sale thereof had by R. H. McLawhorn, executor? And upon said issue the moving defendants demand a trial by jury.
2. Upon the second exception of Finding of Fact No. 9 (the issue raised by this exception is covered by the issue under the first exception, but the same is repeated) the moving defendant tender the following: "Issue: (2) What was the reasonable market value of the personal property of the late Ira J. Frizelle at the time of the sale thereof had by R. H. McLawhorn, executor? And upon said issue the moving defendants demand a trial by jury," and set forth other exceptions to the findings of fact by the referee, in the same manner, and demanded a trial by jury on each exception. *Page 403 
"The moving defendants further move the court, reserving their rights to trial by jury if said motion shall be denied, that the issues tendered by the executor be stricken out, for that said issues are too general and are not pertinent to the facts found by the referee and the issues raised by the pleadings. And for the further reason that the executor as aforesaid has failed to specifically set forth his respective issues under his respective exceptions. This 29 April, 1937."
"Motion to overrule plaintiff's exceptions to report of referee to confirm the report and exceptions to issues tendered by the plaintiff and issues tendered in lieu thereof: The defendant J. F. J. McLawhorn, trustee, and others, . . . reserving their right to a trial by jury upon the report of Honorable Jack Edwards, referee, and upon the exceptions to said report filed by the plaintiff, move the court to overrule the exceptions of the plaintiff and to confirm said report; and further move the court, reserving their rights to a trial by jury as aforesaid, upon the overruling of the exceptions of the plaintiff, to deny a trial by jury to the plaintiff, for that the plaintiff has failed to preserve his right to a trial by jury; for that he has failed to tender issues upon his exceptions in accordance with the practice and procedure in case of compulsory reference; for that the plaintiff has failed to assert his right to a trial by jury, definitely and specifically in each exception to the referee's report, and his demand for a jury comes too late at the end of his exceptions, and for that the respective issues should have appeared under the specific exceptions, and for that said issues are not pertinent to the facts found by the referee and raised by the pleadings.
"The moving defendants, still reserving their right to trial by jury, in the event the court shall refuse to overrule the exceptions of the plaintiff and shall hold that the plaintiff is entitled to trial by jury upon said report, and reserving their exceptions to such holding, if any, the defendants now except to the issues tendered by the plaintiff, as set forth in his exceptions to the report of the referee, and in lieu thereof tender the following issues upon said exceptions: (1) Upon the first exception (to the ninth finding of fact) the moving defendants tender this issue: `What was the reasonable market value of the personal property of the late Ira J. Frizelle at the time of the sale thereof by R. H. McLawhorn, executor?' And upon said issue the moving defendants demand a trial by jury," and set forth other exceptions to the findings of fact by the referee in the same manner, and demanded a trial by jury on each exception.
The court below rendered judgment as follows: "This cause coming on to be heard below his Honor, E. H. Cranmer, judge presiding, at the May Term, 1937, of Pitt Superior Court, and being heard upon the report of Jack Edwards, Esq., referee, and the several exceptions filed *Page 404 
thereto by the plaintiff and the defendant R. H. McLawhorn, executor, and upon the motion of J. F. J. McLawhorn, trustee for the minor defendants, and individually, to overrule the exceptions of the plaintiff and the defendant executor, and to deny a trial by jury to the plaintiff and said executor and to confirm the report of the referee, and the court being of the opinion that the plaintiff and the defendant R. H. McLawhorn, executor, have waived their right to a jury trial, for that the plaintiff and the executor have failed to tender issues upon their respective exceptions in accordance with the practice and procedure in cases of compulsory reference by failing to assert their right to a trial by jury definitely and specifically under each exception to the referee's report, and for that the issues tendered are not pertinent to the inquiry, the court thereupon proceeded to hear the report of the referee upon the exceptions of the plaintiff and the executor appearing in the record, and the court now, upon consideration of the referee's report, the evidence taken before him, the exceptions filed by the respective parties, and the oral arguments made by counsel, and without needlessly repeating all of the findings of fact of the referee by referring to and reaffirming such findings as appear to be pertinent to the inquiry, and overruling such findings and conclusions as appear to the court proper to be overruled, and particularly overruling the demurrer and special appearance entered by the defendant executor, for that the court finds as a fact that the executor duly filed an answer to the cross action and affirmative defense, the court now finds the facts and renders judgment thereon as follows," etc.
The findings of fact and conclusions of law are set out fully in the judgment, and the judgment concludes: "Upon the foregoing findings of fact and conclusions of law it is ordered, adjudged, and decreed as follows, to wit: (1) That the plaintiff be and he is entitled to have paid to him out of the assets of the estate of Ira J. Frizelle the sum of $3,316.25, with interest from 28 April, 1931, and the costs incurred in his action against the executor, in which said amount was recovered. (2) That the plaintiff and the defendant J. F. J. McLawhorn, trustee, have and recover of the executor the sum of $1,131.69, with interest thereon from 9 May, 1931, which amount when paid shall be applied to the satisfaction of the indebtedness due and owing the plaintiff. (3) That the plaintiff and the said J. F. J. McLawhorn, trustee, have and recover of the defendant executor the sum of $1,286.43, being the amount of commissions disallowed the executor, which amount when paid shall be applied to the payment of plaintiff's judgment, and the said executor is ordered and directed to forthwith pay said sum of $1,131.69, with interest from 9 May, 1931, and the sum of $1,286.43 into the office of the clerk of the Superior Court of Pitt County, to be *Page 405 
applied to the payment of plaintiff's judgment. (4) That R. H. McLawhorn, executor, holds title to the Tuten farm as trustee for the use and benefit of the estate of the late Ira. J. Frizelle, to be administered in accordance with the provisions of the last will and testament with respect to said Tuten farm, and the plaintiff is entitled to have said Tuten farm sold in this action for the purpose of satisfying his said judgment, and for the purpose of effecting this decree Albion Dunn is hereby appointed a commissioner of this court and is hereby authorized, empowered, and directed to sell said land at public auction to the highest bidder, for cash, after first advertising said land as provided by law in such cases, and with the proceeds arising from said sale the said trustee shall first pay all costs incident to said sale, then to the said executor the sum of $9,000, and any balance then remaining in the hands of the commissioner shall be applied, first, to the payment of any balance due on plaintiff's judgment, and the remaining amount in his hands shall then be applied and paid in accordance with the further orders of this court. (5) That in the event, after applying the amounts hereinbefore directed to be applied to the satisfaction of plaintiff's judgment, there shall still be a balance due and owing on plaintiff's judgment, then it is ordered and directed that the lands devised to J. F. J. McLawhorn, trustee, shall be sold for the satisfaction of said judgment, and for the purpose of effecting this decree Albion Dunn be and he is hereby appointed a commissioner of this court, and said commissioner is hereby authorized, empowered, and directed to offer said lands for sale to the highest bidder, for cash, at public auction at the courthouse door in the town of Greenville, after first advertising the same as provided by law, and with the proceeds arising therefrom the commissioner shall first pay all costs incident to said sale, then the balance which may be due and owing on plaintiff's judgment, and any balance then in his hands shall be paid to J. F. J. McLawhorn, trustee, for the use and benefit of the minor defendants. (6) It is further ordered and adjudged that the defendant R. H. McLawhorn, executor, pay the costs of this proceeding, to be taxed by the clerk. And this matter is retained for the report of the commissioner and for further orders on such reports and for no other purpose.
 E. H. CRANMER, Judge Presiding."
The following stipulation, duly signed, is in the record: "In the above entitled cause pending in the Superior Court of Pitt County in which Jack Edwards, attorney, was appointed referee and filed his report on 18 March, 1937, it is understood and agreed by the plaintiff and the defendants that either or all of the parties to said action may *Page 406 
have until 1 May, 1937, within which time to prepare and file exceptions to said reports. This stipulation or agreement is entered into without prejudice to any and all rights of parties to the action, and all parties especially reserve the right to a jury trial to be had at May Term. This 24 March, 1937."
"The defendant R. H. McLawhorn, executor, excepts to the court's ruling that the executor has filed to tender issues upon the respective exceptions in accordance with the practice and procedure in cases of compulsory reference, and for that the issues tendered are not pertinent to the inquiry, and holding that by reason thereof said executor has waived his right to a jury trial. The defendant R. H. McLawhorn, executor, further excepts to the findings of fact by the court. The defendant R. H. McLawhorn, executor, further excepts to the court's conclusions of law. The defendant R. H. McLawhorn, executor, further excepts to the court's sustaining and confirming the report of Jack Edwards, referee. The defendant R. H. McLawhorn, executor, again excepts to the confirmation of the referee's findings of fact and conclusions of law and the overruling of exceptions thereto, duly filed by R. H. McLawhorn, executor. (The exceptions to each of the findings of fact and conclusions of law and the overruling of said exceptions by the court were duly taken and noted after each exception and the ruling thereon.) The defendant R. H. McLawhorn, executor, further excepts to the judgment signed by his Honor, E. H. Cranmer, judge presiding, and appeals to the Supreme Court."
The evidence is set forth in full in the record. Numerous other exceptions and assignments of error are made by R. H. McLawhorn, executor. The material ones and other necessary facts will be considered in the opinion.
The material questions involved on this appeal are set forth by R. H. McLawhorn, executor, as follows:
First. "Was the court in error in overruling defendant executor's motion to dismiss, for that: (a) The cross action does not state a cause of action; (b) there was a misjoinder of action; (c) the purported cross action was improperly brought; (d) under the will, the defendants represented in the cross action are estopped from setting up said cross action?" *Page 407 
We think all these questions must be answered against the contentions of the executor, R. H. McLawhorn. The executor, R. H. McLawhorn, J. F. J. McLawhorn, trustee and individually, and the heirs at law of Ira J. Frizelle and the widow, were all made parties defendant to the action brought by plaintiff to have his judgment paid out of the assets of the estate of Ira J. Frizelle.
N.C. Code, 1935 (Michie), sec. 135, is as follows: "In addition to the remedy by special proceeding, actions against executors, administrators, collectors, and guardians may be brought originally to the Superior Court at term time; and in all such cases it is competent for the court in which said actions are pending to order an account to be taken by such persons as said court may designate, and to adjudge the application or distribution of the fund ascertained, or to grant other relief, as the nature of the case may require."
Section 136: "If it appears at any time during or upon, or after the taking of the account of a personal representative that his personal assets are insufficient to pay the debts of the deceased in full, and that he died seized of real properly, it is the duty of the judge or clerk, at the instance of any party, to issue a summons in the name of the personal representative or of the creditors generally to the heirs, devisees and others in possession of the lands of the deceased to appear and show cause why said lands should not be sold for assets. Upon the return of the summons the proceeding shall be as is directed in other like cases."
In a civil action to settle estates and subject real estate to the payment of debts, concurrent original jurisdiction with the clerk of the Superior Court is conferred on the Superior Court. In Fisher v. Trust Co.,138 N.C. 90 (98), it is said: "The jurisdiction of courts of equity to entertain administration suits at the instance of creditors, devisees, or legatees has been uniformly recognized and frequently exercised. Such suits are less frequent since the distinction between legal and equitable assets had been abolished and full powers in the settlement of estates conferred upon courts of probate. Whatever doubt may have existed in respect to the jurisdiction after the establishment of our present judicial system was removed by the Act of 1876, ch. 241, Code, sec. 1511 (C. S., 135); Haywoodv. Haywood, 79 N.C. 42; Pegram v. Armstrong, 82 N.C. 327."
In S. v. McCanless, 193 N.C. 200 (205), it is stated: "In the present action the administrators and sureties on their bond, and administrators personally, heirs at law and distributees and widow of N. B. McCanless, are all made parties defendant. Plaintiff has obtained a judgment of $4,000 and interest against the administrator and it is unpaid. As to surety, see C. S., 358. The action is in the nature of a bill to *Page 408 
surcharge and falsify the account. It was well settled under the old practice that an action of this kind could be brought in the court of equity. C. S., 135 (ch. 241, sec. 6 Laws 1876-7), supra, is in confirmation. We think the Superior Court has jurisdiction of the defendants and the subject of the action."
Plaintiff, who had a judgment against the executor, alleged in the complaint that the personal property of the estate has been exhausted and demand has been made and refused by the executor to sell a certain tract of land to make assets to pay the debts. The executor admits the judgment rendered and that the personal estate has been exhausted, and says "That defendant knows of no way to satisfy said judgment except by sale of real estate." J. F. J. McLawhorn, trustee, individually and as guardian ad litem
to the infant defendants, heirs at law of Ira J. Frizelle, in answer says there are sufficient personal assets to pay plaintiff's claim, and sets up a cross action and affirmative defense to "surcharge and falsify" the executor's account. At this stage of the pleading the executor did not make the contention he now does. He makes reply and denied the material allegation of the cross action, and prays that he go without day and recover his costs. This raised issues of fact, and the clerk made an order transferring the cause to the Superior Court for trial before a jury.
Section 511: "The defendant may demur to the complaint when it appears upon the face thereof, either that: . . . (6) The complaint does not state facts sufficient to constitute a cause of action."
We think the cross action states a cause of action and there was no misjoinder of action. All objections except those on the ground that the court has no jurisdiction of the person of the defendant or the subject matter of the action, and that the complaint does not state facts sufficient to constitute a cause of action, are waived unless they are taken by demurrer or answer. But the exceptions referred to may be taken advantage of by demurrer even in the appellate court. Clements v. Rogers,91 N.C. 63, 64. See sec. 518 and the note thereto. S. v. McCanless,supra, p. 206.
The personal property of the estate of Ira J. Frizelle must be exhausted before resort to the real estate held by J. F. J. McLawhorn, trustee, may be had. The will provides, under Item 3, that the "Tuten Place" and personal property thereon and his life insurance be used to pay his debts referred to in Item 1, where he provides that his "just debts" be paid by the executor, except those secured by real estate deed of trust and mortgage. This controversy relates primarily to the "Tuten Place" and the personal property thereon. Then again, the residuary clause in the will leaves all assets not disposed of to "my next of kin." If his personal property and real estate were not exhausted, J. F. J. *Page 409 
McLawhorn, trustee, and the heirs at law had the right to see that this was done and to "surcharge and falsify" the executor's account. They were all parties to the action and they are not estopped to do this under the will of Ira J. Frizelle and the cross action was proper. Lee v. Beaman,101 N.C. 295; Smith v. Brown, 101 N.C. 347; Fisherv. Trust Co., 138 N.C. 90; Thigpen v. Trust Co., 203 N.C. 291;Barkley v. Realty Co., 211 N.C. 540. While the lands may be sold where the personal estate is insufficient, the rule is that the personalty must be first applied before resorting to the realty; and this, even though the debts are secured by mortgage on realty. C. S., 74; Wadfordv. Davis, 192 N.C. 484; Creech v. Wilder, ante, 162 (165). Ira J. Frizelle's last will and testament, under the facts in this case, does not change the above rule.
Second. "Was the court in error in denying defendant executor's right to a trial by jury?" We think not. In the judgment of the court below, in part, is the following: "The court being of the opinion that the plaintiff and the defendant R. H. McLawhorn, executor, have waived their right to a jury trial, for that the plaintiff and the executor have failed to tender issues upon their respective exceptions in accordance with the practice and procedure in cases of compulsory reference by failing to assert their right to a trial by jury definitely and specifically under each exception to the referee's report, and for that the issues tendered are not pertinent to the inquiry, the court thereupon proceeded to hear the report of the referee upon the exceptions of the plaintiff and the executor appearing in the record."
In Driller Co. v. Worth, 117 N.C. 515 (521), it is said: "We think that the court erred in holding that the defendants were entitled to a jury trial upon any exception which did not embody a definite and specific demand for a trial by jury upon the particular exception, It was error also to hold if such specific demand had been made that the right extended further than the issues `raised by the pleadings.'" S. c., 118 N.C. 746.
It Cotton Mills v. Maslin 200 N.C. 328 (329), it is held: "A party who would preserve his right to a jury trial in a compulsory reference must object to the order of reference at the time it is made, and on the coming in of the report of the referee, if it be adverse, he should seasonably file exceptions to particular findings of fact made by the referee, tender appropriate issues based on the facts pointed out in the exceptions and raised by the pleadings, and demand a jury trial on each of the issues thus tendered. Wilson v. Featherstone, 120 N.C. 446, 27 S.E. 124; Yelvertonv. Coley, 101 N.C. 248, 7 S.E. 672. This was not done in the instant case. Although a party may duly enter his objection to the other of reference, he may yet waive his right to a jury *Page 410 
trial by failing to assert such right definitely and specifically in each exception to the referee's report and by his failing to tender the proper issues. Alley v. Rogers, 170 N.C. 538." Texas Co. v. Phillips, 206 N.C. 355
(358); Ogden v. Land Co., 146 N.C. 443 (446); Robinson v. Johnson,174 N.C. 232; Booker v. Highlands, 198 N.C. 282; Bank v. Fisher,206 N.C. 412.
In N.C. Prac. Proc. in Civil Cases (McIntosh), sec. 525, at p. 567, it is said: "A party claiming a jury trial in a compulsory reference must protect his right in the following manner: (1) He must object to the order of reference at the time it is made, and he may designate the particular issues of fact to be tried, but it is held that a general objection and exception in the form, `defendant's counsel except to the above order of reference,' is sufficient to preserve the right. (2) When the report of the referee is filed he should file exceptions to particular findings of fact in apt time, tender appropriate issues based upon such facts, and demand a jury trial on each issue; filing exceptions without tendering specific issues or designating the specific points upon which he demands a jury trial is not sufficient," citing many authorities.
The plaintiff, in his brief as Amicus Curiae, says: "In general the profession does not appear to have strictly followed these decisions. . . . And it so happens that the plaintiff in this particular case filed exceptions and followed the usual custom. Not being advertent at the time to the particularity required by the decisions above cited, plaintiff's exceptions, however, were filed solely for the purpose of staying in court until the defendants shall have litigated and determined the controversy between them now before this Court." The brief cites authorities sustaining the ruling of the court below. The plaintiff, Amicus Curiae, concludes his brief as follows: "It is respectfully submitted to the Court that upon a reading of the evidence before the referee the same strongly supports the findings of the court below, and upon rereading becomes stronger and stronger, and no doubt had the same been submitted to a jury identical findings would have resulted. The plaintiff is only interested in the collection of his debt, and a new trial or reversal in this cause will further delay plaintiff in realizing upon his indebtedness, and since the defendant executor has had his day in court, the plaintiff now respectfully submits to the court that no reversible error has been committed below and that the judgment entered below should be affirmed."
The executor failed to follow the procedure set forth in the decisions of this Court. J. F. J. McLawhorn, trustee, individually and as guardian adlitem of the heirs at law of Ira J. Frizelle, did so in accordance with the opinions and with unusual particularity, as will be seen by *Page 411 
the record. Contracting Co. v. Power Co., 195 N.C. 649; Anderson v.McRae, 211 N.C. 197. It seems that the learned judge in the court below followed carefully the decisions of this Court on this aspect.
Third. Further, the executor's questions involved: "(3) Was the court in error in excluding testimony and allowing other testimony over the objection of the defendant executor? (4) Was the court in error in overruling exceptions of defendant executor in the report of the referee? (5) Was the court in error in sustaining the report of the referee? (6) Was the court in error in denying defendant executor's motion to dismiss? (7) Was the court in error in its findings of fact and conclusions of law? (8) Was the court in error in signing the judgment appealed from?" We cannot hold with the executor. If there was any error in allowing or excluding testimony it was immaterial and not prejudicial. The law in reference to the conduct of an executor in dealing with estate of his testator is well settled in this jurisdiction.
In Taylor v. Taylor, 108 N.C. 69 (73), citing authorities, it is written: "An administrator cannot purchase property at his own sale, even in good faith, fairly, and for a fair price; certainly he cannot in any case without the sanction or ratification in some sufficient way manifested by those interested. This rule is well settled and founded in reason, justice and sound policy." The dealing where trust relationship exists is fully gone into in Hinton v. West, 207 N.C. 708; Harrelson v. Cox,207 N.C. 651.
The court below did not perfunctorily affirm the referee's findings of fact and conclusions of law, but passed on each in detail and carried out to the letter what is required in the decisions of this Court.
In Trust Co. v. Lentz, 196 N.C. 398 (at p. 406), it is said: "In view of the position taken by some of the parties that the judge was without authority to change the report of the referee — the reference being by consent — it is sufficient to say that, in a consent reference as well as in a compulsory one, upon exceptions duly filed, the judge of the Superior Court, in the exercise of his supervisory power and under the statute, may affirm, modify, set aside, make additional findings and confirm, in whole or in part, or disaffirm the report of a referee.Contracting Co. v. Power Co., 195 N.C. 649; Mills v. Realty Co.,196 N.C. 223." Abbitt v. Gregory, 201 N.C. 577 (596); Polikoffv. Service Co., 205 N.C. 631 (634).
The competent evidence was sufficient for the court below to find the facts as set forth in the record and affirm the referee's report. This is binding on this Court if there was sufficient competent evidence to support them. Dent v. Mica Co., ante, 241 (242). We think there was. We see no error in the conclusions of law. The parties mentioned *Page 412 
by the executor we do not think necessary parties for the determination of this controversy. Higgins v. Higgins, ante, 219. The stipulation was "without prejudice" and waived no right.
From a careful review of the whole record we can ding in law no prejudicial or reversible error. The judgment of the court below is
Affirmed.